## UNITED STATES v. BATTLE & CO.

(Circuit Court of Appeals, Eighth Circuit. February 6, 1893.)

### No. 169.

CUSTOMS DUTIES—CLASSIFICATION—CHLORAL HYDRATE.

Chloral hydrate is dutiable at the rate of 25 per cent. ad valorem, under paragraph 76 of Schedule A of the tariff act of October 1, 1890, "as a chemical compound not especially provided for," and not at 50 cents per pound, under paragraph 74 of said schedule, as "a medicinal preparation of which alcohol is a component part, or in the preparation of which alcohol is used." 50 Fed. Rep. 402, affirmed.

Appeal from the Circuit Court of the United States for the Eastern Division of the Eastern District of Missouri.

Application by Battle & Co., chemists, for a review of the board of general appraisers' decision as to the classification of certain imports of chloral hydrate. The circuit court held that the goods were dutiable under paragraph 76, Schedule A, of the act of October 1, 1890. 50 Fed. Rep. 402. The United States appeals. **Affirmed.**

Statement by CALDWELL, Circuit Judge:

This is an appeal from the judgment of the circuit court of the United States for the eastern district of Missouri. The character of the case, and the questions of law and fact arising therein, are set forth in the opinion of Judge THAYER, in the court below, as follows:

"THAYER, District Judge. This is a case that arises under the customs law. The question in the case is whether chloral hydrate is dutiable at fifty cents per pound, under paragraph 74 of Schedule A of the tariff act of October 1, 1890, as 'a medicinal preparation * * * of which alcohol is a component part, or in the preparation of which alcohol is used,' or whether it is dutiable at the rate of twenty-five per cent. ad valorem, under paragraph 76 of the same schedule, as 'a chemical compound * * * not especially provided for.'

"The court is compelled to adopt the latter view, for the following reasons: Chloral hydrate is not mentioned by name in the tariff act, and in that sense it is not 'specially provided for.' Furthermore, all of the experts agree that it is 'a chemical compound.' It answers, therefore, all of the requirements of paragraph 76 of Schedule A. On the other hand, there are some grave objections to classifying it under paragraph 74 of Schedule A. In the first place, it may be said that alcohol is clearly not a component part of 'chloral hydrate,' because in the process of manufacturing the latter drug (when the alcohol process is employed) the alcohol is broken up into its constituent elements, and does not reappear in the drug, and cannot be extracted therefrom, as it may be when used merely as a solvent, or to treat oils or other fatty substances. The case for the government rests on the fact that alcohol is used in one of the most common processes employed for manufacturing chloral hydrate. Hence it is claimed that it is a 'medicinal preparation, * * * in the preparation of which alcohol is used.' A very substantial objection to this view is that chloral hydrate may be, and sometimes is, manufactured by two processes, from substances containing considerable starch, without the use of any alcohol. Chloral hydrate, thus produced, would certainly not be dutiable under paragraph 74; and the result of holding the present importation dutiable under that clause would be to impose a different rate of duty on the same drug, depending upon the process of manufacture.

"Another view of the case is also entitled to much weight. Considering the whole of paragraph 74, which reads as follows: 'All medicinal preparations, including medicinal proprietary preparations, of which alcohol is a component part, or in the preparation of which alcohol is used, not specially provided for in this act, fifty cents per pound,'—it would seem as though congress, in this clause, only had in mind a class of medicinal preparations in which alcohol is used as an ingredient without being broken up, either as a solvent, or to extract and hold in solution the medicinal properties of certain vegetable substances or drugs. The use of alcohol in the manufacture of chloral hydrate bears no analogy to the uses last mentioned. The drug is manufactured in the alcohol process by passing dry chlorine gas through alcohol. By so doing the alcohol is broken up chemically, a part of its hydrogen is liberated, and is replaced by atoms of chlorine. The process results in the formation of a solid substance of crystalline structure, which is then treated with water to form chloral hydrate.

"As before stated, other substances containing starch may be used in lieu of alcohol to supply the elements necessary to form chloral hydrate. In view of the manner in which alcohol is treated in the process above described, the court considers it extremely improbable that chloral hydrate was one of the medicinal preparations which congress intended to make dutiable under paragraph 74 of Schedule A. Under the testimony, it is also doubtful whether chloral hydrate is, in a strictly legal or dictionary sense, 'a medicinal preparation.' In the form in which the present importation was made, it is clear that the article in question is not a complete medicinal preparation, for the reason that it cannot be administered in the form in which it was imported, but must be further prepared by the druggist or apothecary.

"While the case is not entirely free from doubt, I think, for the reasons above stated, that the article in question should be assessed under paragraph 76, as 'a chemical compound not specially provided for,' and at the rate of twenty-five per cent. ad valorem."

George D. Reynolds, U. S. Atty.

Eleneious Smith, (Joseph Dickson, on the brief,) for appellee.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

CALDWELL, Circuit Judge, (after stating the facts.) Having reached the same conclusions as those expressed in the opinion of Judge THAYER in the circuit court, the judgment below is affirmed.