WILLIAM J. MATHESON & CO., Limited, v. UNITED STATES.

(Circuit Court, S. D. New York. January 2, 1895.)

CUSTOMS DUTIES—CLASSIFICATION—SULPHOTOLUIC ACID.

Sulphotoluic acid, a remote derivative of coal tar, by combination with sulphuric acid, its dominant element being derived from coal tar, the chief use of the article being in the construction of coal-tar dyes by combining with a base, *held* properly classified for duty by the collector of the port of New York as a "coal-tar preparation," and dutiable at 20 per cent. ad valorem, under paragraph 19 of the tariff act of October 1, 1890, and not duty free, as an acid used for manufacturing purposes, under paragraph 473 of the free list of said tariff act.

At Law. Appeal by the importers from a decision of the board of United States general appraisers sustaining the classification and assessment of duties made by the collector of the port of New York upon certain sulphotoluic acid imported into the United States during the month of June, 1892, which was classified for duty, as a "coal-tar preparation," at 20 per cent. ad valorem, under Schedule A, par. 19, of the tariff act of October 1, 1890, which is as follows: "19. All preparations of coal-tar, not colors or dyes, not specially provided for in this act, twenty per centum ad valorem." Against this classifica-

tion the importers protested, claiming that the merchandise was duty free, as an acid used for manufacturing purposes, under paragraph 473 of the free list of the same tariff act, which reads as follows: "473. Acids used for medicinal, chemical, or manufacturing purposes, not specially provided for in this act." The local appraisers reported to the collector that the article was "a preparation of coal tar; also an organic acid." No testimony was taken before the board of general appraisers, who made their decision in the case, finding, among other things, that the merchandise was an organic acid, its peculiar and dominant element derived from coal tar; that it is a coal-tar preparation, not a color or dye, its chief use being in the construction of coal-tar dyes by combining with a base; that approximating 60 per cent. of coal-tar colors or dyes and coal-tar preparations are acids. The protest of the importers was overruled, and the collector affirmed. The case being appealed into the circuit court, the importers proceeded to take further evidence in that court before a referee, which evidence tended to show that this sulphotoluic acid was in reality a coal-tar preparation, being a remote derivative from coal tar. In re Roessler & H. Chemical Co., 49 Fed. 272; Id., 4 C. C. A. 1, 56 Fed. 481. It was abundantly proved that this acid was used in the manufacture of coal-tar colors or dyes, and that such use constituted a recombination chemically of the acid in the production of such colors or dyes; also that there was no other commercial use for this acid. In behalf of the United States evidence was introduced showing that there were a very large number of acids known and extensively used commercially at the time of the passage of the tariff act which were not preparations of coal tar, nor in any way derived from that material; such as sulphuric acid, nitric acid, hydrochloric acid, and a large number of others. On the trial it was contended in behalf of the government that the provision for coal-tar preparations in paragraph 19 was more specific as applied to this particular article than the provision in the free list for acids used for manufacturing purposes.

Comstock & Brown, for importers.

Wallace Macfarlane, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty.

WHEELER, District Judge. This importation is an acid prepared from coal tar, used in making coal-tar colors. By paragraph 19 of the tariff act of 1890, "all preparations of coal tar, not colors or dyes, not specially provided for," were made subject to a duty; and by paragraph 473 "acids used for medicinal, chemical, or manufacturing purposes" were free. If this acid had not been a preparation of coal tar, it would have been free. But it is not with colors and dyes in the specific exception of paragraph 19, nor specially provided for as a preparation of coal tar elsewhere, or more specially included among acids than it is there among coal-tar preparations. The wording of paragraph 19 seems to imply that exceptions of preparations of coal tar elsewhere would be made quite plain. Decision affirmed.