SCHULZE-BERGE et al. v. UNITED STATES.

(Circuit Court, S. D. New York. February 8, 1895.)

No. 2024.

CUSTOMS DUTIES—CLASSIFICATION—"ANTIPYRINE.

"Antipyrine," a patented medicine, ready for administration in the condition as imported, made of the aniline from coal tar, alcohol being chemically used and broken up in the manufacture, was classified for customs duties by the collector of the port of New York as a "medicinal proprietary preparation," at 25 per cent. ad valorem, under paragraph 75 of the tariff act of October 1, 1890, and as a "chemical salt," at the same rate, under paragraph 76 of the same act. The importers protested under two heads: First, that the article was dutiable as a "medicinal preparation

in the preparation of which alcohol is used," at 50 cents per pound, under paragraph 74; or, secondly, as a "coal tar preparation not a color or dye," at 20 per cent. ad valorem, under paragraph 19 of that tariff act. The board of United States general appraisers sustained the importers' alternative protest that the merchandise was properly dutiable as a "coal tar preparation," under paragraph 19. The importers appealed to this court, claiming that the antipyrine was only dutiable, under paragraph 74 of the tariff act, at 50 cents per pound. The United States took no appeal. *Held*, that the antipyrine, as between paragraph 74, for "medicinal preparations in the preparation of which alcohol is used," and paragraph 19, for "preparations of coal tar," was more specifically designated as a "coal tar preparation," as decided by the board of general appraisers.

See Matheson v. U. S., 65 Fed. 422, on the proper classification of "sulpho-toluic acid."

At Law. Appeal by importers from decision of board of general appraisers sustaining the alternative protest of the importers that the merchandise in question is dutiable under paragraph 19 of the tariff act of 1890. Affirmed.

Edward Hartley (of Hartley & Coleman), for importers.

Wallace Macfarlane, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty., for collector and the United States.

COXE, District Judge (orally). The importation in this cause is "antipyrine," which was classified by the collector under paragraph 75 of the act of 1890. The importer protested, insisting, first, that it should have been classified under paragraph 74, and if not dutiable under paragraph 74, then under paragraph 19 of the same act. The board of appraisers sustained the second contention of the importer, and held it to be dutiable under paragraph 19 as a "coal tar preparation." The importer now appeals from the decision of the board. The United States does not appeal.

Assuming that the importer can appeal from a decision in his own favor, the question is whether the article in suit, popularly known as "antipyrine," should be assessed under paragraph 74 rather than under paragraph 19, where the board of appraisers placed it. The decision of the circuit court of appeals in the case of U. S. v. Battle, 4 C. C. A. 249, 54 Fed. 141, seems to be an authority for the proposition that in the preparation of this article, alcohol is not used, within the meaning of the law. But assuming that alcohol is used in its preparation, the question then is, which is the more specific designation, "coal tar preparation," or "medicinal preparation, in the preparation of which alcohol is used"? It seems to me that under the various decisions which have been referred to, the classification by the board is the correct one as between these two paragraphs. It is true that these cases are not directly in point, but I think the reasoning of Matheson v. U. S., 65 Fed. 422, and In re Mallinckrodt Chemical Works, 66 Fed. 746, leads directly to the conclusion that "coal tar preparation" is a more specific designation than "medicinal preparation." In the Case of Mallinckrodt the court considers the phrase "medicinal preparations" to be an exceedingly broad and general classification.

The decision of the board of general appraisers should be affirmed.