## KOECHL v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 7, 1898.)

### No. 3.

1. CUSTOMS DUTIES—CLASSIFICATION—MEDICAL PREPARATIONS.

An importation of antipyrine which falls within the terms of both paragraph 19 of the tariff law of 1890 as a product of coal-tar, not a color or dye, and of paragraph 74 as a medicinal preparation of which alcohol is a component part, or in the preparation of which alcohol is used, is dutiable under paragraph 74, as being more specific.[1]

2. SAME—CONSTRUCTION OF STATUTE.

Paragraph 74 of the tariff law of 1890, which covers "all medicinal preparations * * * of which alcohol is a component part or in the preparation of which alcohol is used, not specially provided for," includes all such preparations in the manufacture of which alcohol is used in any way, though it may be broken up to form other ingredients.

3. SAME—PROTESTS ON ALTERNATIVE GROUNDS—ESTOPPEL.

An importer may protest against a classification on alternative grounds, where the proper classification is doubtful, and the fact that his protest is sustained on one of the grounds does not estop him from appealing on the ground that the other states the correct classification.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal by the importer from a decision of the circuit court sustaining a decision of the board of general appraisers which sustained the action of the collector in classifying for duty certain imported merchandise.

Edward Hartley, for appellant.

J. T. Van Rensselaer, for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

[1] For interpretation of commercial and trade terms in tariff laws, see note to Dennison Mfg. Co. v. U. S., 18 C. C. A. 545.

PER CURIAM.   The question on this appeal is whether certain importations of antipyrine should have been classified for duty under paragraph 19 of the tariff act of October 1, 1890, or under paragraph 74 of that act.   Paragraph 19 reads as follows: "All preparations of coal tar, not colors or dyes, not especially provided for in this act, twenty per cent. ad valorem."   Paragraph 74 reads as follows: "All medicinal preparations, including medicinal proprietary preparations, of which alcohol is a component part, or in the preparation of which alcohol is used, not especially provided for in this act, fifty cents per pound."   The case is one for the application of the familiar rule of tariff law that where a dutiable article falls within the terms of two enumerations, one of which is the more general and the other the more specific, the specific, and not the general, controls, and prescribes the duty.   If one of the foregoing paragraphs had enumerated "all preparations of coal tar," and the other "all medicinal preparations," the question would be one of more difficulty than it now seems to be.   But paragraph 19 enumerates an entire class of articles with the two exceptions of colors and dyes; while paragraph 74 enumerates a single variety of a class,—those medicinal preparations only in the preparation of which alcohol is used.   The enumeration by class being general, and that by species being more definite, and the importations in question being exactly described by paragraph 74, that paragraph fixes the duty.

Our attention has been called to the case of U. S. v. Battle & Co. Chemists Corp., 4 C. C. A. 249, 54 Fed. 141, where paragraph 74 was somewhat considered by the court.   In that case it was doubtful whether the importation was a medicinal preparation; and, if it was a medicinal preparation, it was prepared with or without the use of alcohol, according to the process preferred by the manufacturer.   As it was also a "chemical compound," within the enumeration of paragraph 76 of the act, the court concluded it to be dutiable under that provision.   So far as the opinion intimates that paragraph 74 does not apply to medicinal preparations in which alcohol is not used as an ingredient without being broken up, we are unable to concur.   Alcohol so used might not be a component part of the preparation; but paragraph 74 includes, not only medicinal preparations of which alcohol is a component part, but also those in the preparation of which it is used, and, as it seems to us, ex industria covers all medicinal preparations in the manufacture of which alcohol is used in any way.

In the present case the importers protested against the classification for duty adopted by the collector upon the ground that the article was dutiable under paragraph 74 of the act, or alternatively under paragraph 19.   It is insisted for the government that, the importer having prevailed upon the ground that it should have been classified under paragraph 19, he cannot now be heard to insist upon the other ground of protest.   There is no merit in this contention.   Protests upon alternative grounds are proper, and in many cases the question as to which one of several tariff provisions should control in the classification of an importation is so doubtful that the importer is fully justified in leaving it to the courts.   It would impose upon the importer a great hardship to compel him to decide this question himself, when he

is entitled to the benefit of one of several enumerations, but the particular one is to be ascertained by judicial construction. These conclusions lead to a reversal of the decision of the circuit court and of the board of general appraisers.