SCHERING et al. v. UNITED STATES.

(Circuit Court, S. D. New York. January 25, 1900.)

No. 2,137.

1. CUSTOMS DUTIES—DRUGS—HYOSCIN HYDROBROMATE.

Hyoscin hydrobromate, shown to be a chemical salt of solely medicinal use, in the preparation of which alcohol is necessarily used, is dutiable under Tariff Act 1890, par. 74, as a medicinal preparation in the preparation of which alcohol is used, and not under paragraph 76, as a chemical compound or salt.

2. SAME—SALOL.

Salol, being a medicinal preparation, in the preparation of which alcohol may or may not be used, is dutiable under Tariff Act 1890, par. 76, as a chemical compound or salt, and not under paragraph 74, covering medicinal preparations in the making of which alcohol is used.

Appeal by the importers from a decision of the board of United States general appraisers which affirmed a decision by the collector of customs at the port of New York.

Albert Comstock, for appellants.
Charles D. Baker, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). The merchandise in question consists of hyoscin hydrobromate and salol, assessed for duty, under the provisions of paragraph 76 of the tariff act of 1890, at the rate of 25 per cent. ad valorem, as "chemical compounds or salts," and claimed by the importers to be dutiable at the rate of 50 cents per pound, under the provisions of paragraph 74, as "medicinal preparations * * * in the preparation of which alcohol is used."

As to the hyoscin hydrobromate, the testimony of the chemist for the importers, concurred in by that of the chemist for the United States, is to the effect that it is a chemical salt whose use is solely medicinal, and that in its preparation alcohol is necessarily used. This brings the case within the rule laid down in Fink v. U. S., 170 U. S. 584, 18 Sup. Ct. 770, 42 L. Ed. 1153.

Salol is a medicinal preparation in the preparation of which alcohol may or may not be used. It is admitted that alcohol was used in the preparation of this particular salol. In these circumstances, I am constrained to follow that portion of the opinion in U. S. v. Battle & Co., 54 Fed. 141, 4 C. C. A. 249, in which the court says, "The result of holding the present importation dutiable under that clause [paragraph 74] would be to impose a different rate of duty on the same drug, depending upon the process of manufacture."

The decision of the board of general appraisers is reversed as to hyoscin hydrobromate, and affirmed as to salol.