### UNITED STATES v. SCHERING et al.

(Circuit Court of Appeals, Second Circuit. May 23, 1903.)

#### Nos. 172, 173.

1. TARIFF DUTIES—ASSESSMENT—PRESUMPTION.
   In the absence of evidence that alcohol was not used in the preparation of the import, it will be presumed, in support of the collector's assessment, that it was so used.

2. SAME—MEDICINAL PREPARATIONS CONTAINING ALCOHOL.
   Tariff Act July 24, 1897, c. 11, par. 67, 30 Stat. 154 [U. S. Comp. St. 1901, p. 1631], subjecting to a certain duty "medicinal preparations containing alcohol, or in the preparation of which alcohol is used," applies to an import which is a medicinal preparation, in the preparation of which alcohol is used, though alcohol need not be, and sometimes is not, used in the preparation of the article.

Appeals from the Circuit Court of the United States for the Southern District of New York, which affirmed decisions of the Board of General Appraisers. See G. A. 4740.

For opinion below, see 119 Fed. 473.

Charles D. Baker, for appellant.

Albert. Comstock, for appellees.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

WALLACE, Circuit Judge. This appeal presents the question of the dutiable classification of certain importations of "chloral hydrate" and "salol" under the tariff act of July 24, 1897, c. 11, 30 Stat. 151, 154 [U. S. Comp. St. 1901, pp. 1626, 1631]. The collector assessed the duty upon the importations pursuant to paragraph 67 of that tariff act, which subjects to a duty of 55 cents per pound "medicinal preparations containing alcohol, or in the preparation of which alcohol is used, not specifically provided for in this act."

The importers claimed by their protest that the articles should have been classified under paragraph 68 of that act, which subjects to a duty of 25 per cent. ad valorem "medicinal preparations not containing alcohol or in the preparation of which alcohol is not used, not specifically provided for." Other grounds of protest, originally stated, are not relied on by the importers.

It appears that chloral hydrate and salol are medicinal preparations which contain no alcohol as a component part, but that in their preparation alcohol is sometimes used, though each of them may be, and in some cases is, manufactured by other processes without the use of alcohol.

Although it does not specifically appear whether alcohol was used in the preparation of the importation in question, the fact that it was so used must be assumed. In the absence of evidence to the contrary, the presumption of the correctness of the action of the collector is to prevail.

Where the classification of merchandise depends upon the existence of specified descriptive characteristics, it is to be presumed in favor of a correct classification that those characteristics were found by the officers of the customs. These officers are selected by law for the express purpose of deciding these questions. They are empowered and required to pronounce a judgment in the case, and the conduct, management, and operation of the revenue system seem to require that their decisions should carry with them the presumption of correctness. United States v. Rosenwald, 67 Fed. 323, 14 C. C. A. 399, 35 U. S. App. 98; Arthur v. Unkart, 96 U. S. 122, 24 L. Ed. 768.

The decision in the court below followed one in an earlier case between the same parties in the Circuit Court of the United States for the Southern District of New York, in which the judge, in his opinion, said:

"Salol is a medicinal preparation, in the preparation of which alcohol may or may not be used. It is admitted that alcohol was used in the preparation of this particular salol. Under the circumstances, I am constrained to follow that portion of the opinion in Re Battle, 54 Fed. 141, 4 C. C. A. 249, in which the court says: 'The result in holding the present importations to be dutiable under that clause would be to impose a different rate of duty upon the same drug, depending upon the process of manufacture.'"

The Battle Case involved the classification of chloral hydrate under paragraph 74 of the tariff act of October 1, 1890, Act Oct. 1, 1890, c. 1244, 26 Stat. 570, of which paragraph 67 of the tariff act of 1897 is a substantial reproduction, and the question was whether it was dutiable under that paragraph, or under another paragraph of the same act, as a "chemical compound not specifically provided for." In reaching the conclusion that the article was dutiable under the latter paragraph, the court was influenced measurably by the consideration that upon the testimony in the case it was doubtful whether the article was a medicinal preparation, and also by the opinion that the paragraph did not apply to medicinal preparations in which alcohol is used as an ingredient without being broken up. In the present case there is no doubt about the fact that the importations were medicinal preparations. Indeed, the protest is based upon that proposition. In Koechl v. United States, 91 Fed. 110, 33 C. C. A. 363, this court had occasion to decide that paragraph 74 did apply to a medicinal preparation having similar characteristics to chloral hydrate, notwithstanding in its preparation the alcohol was used as an ingredient without being broken up, and, referring to the opinion in the Battle Case, said:

"So far as the opinion intimates that paragraph 74 does not apply to medicinal preparations in w iich alcohol is not used as an ingredient without

being broken up, we are unable to concur. Alcohol so used might not be a component part of the preparation, but paragraph 74 includes not only medicinal preparations of which alcohol is a component part, but also those in the preparation of which it is used, and, as it seems to us, ex industria, covers all medicinal preparations in the manufacture of which alcohol is used in any way."

We are unable to concur in the reasoning of the opinion in the Battle Case that the paragraph ought not to apply because to hold the contrary would "result in imposing a different rate of duty upon the same drug" according to the circumstances whether alcohol was or was not used in its preparation. It is true that chloral hydrate is the same drug whether alcohol is or is not used in its preparation, but it is not the same article for tariff purposes. Congress has seen fit to discriminate between drugs or medicinal preparations in the preparation of which alcohol is used and those in the preparation of which it is not used, and this is the precise criterion by which it is to be determined which drugs are dutiable under paragraph 67, and which are dutiable under paragraph 68. The two classes are enumerated as different articles for tariff purposes.

Since the decision in the Battle Case, the question whether chloral hydrate should be classified for duty under paragraph 67, or as a "chemical compound," under another provision of the tariff act of 1897, has been considered by the Circuit Court for the Eastern District of Missouri in Battle, etc., v. United States, 108 Fed. 216, and, notwithstanding that decision, the court held that it was dutiable under paragraph 67.

Our conclusion is that the importations in controversy, being medicinal preparations in the preparation of which alcohol was used, should have been classified for duty under paragraph 67. We cannot construe that paragraph as though it read "medicinal preparations in the preparation of which alcohol is uniformly used," or "necessarily used," or "ordinarily used." Congress did not see fit to employ that language. When alcohol has not been used in the preparation of the particular importations upon which duties are to be levied, they are dutiable under paragraph 68. When it has been used, they are dutiable under paragraph 67. In each case the customs officers are to determine the question by resorting to such sources of information as are within their power.

The decision of the Circuit Court is reversed.