## P. H. PETRY & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 21, 1903.)

### No. 62.

1. CUSTOMS DUTIES—CLASSIFICATION—BOOKS FOR CHILDREN'S USE—BOOKS IN FOREIGN LANGUAGE.

> *Held*, that the provision in paragraph 400, Tariff Act July 24, 1897, c. 11, § 1, Schedule M, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672], for "books of paper or other material for children's use, containing illuminated lithographic prints, not exceeding in weight twenty-four ounces each," is more specific than that in paragraph 502, § 2, Free List, of said act, 30 Stat. 196 [U. S. Comp. St. 1901, p. 1681], for "books * * * printed exclusively in languages other than English."

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 121 Fed. 207.

This is an appeal from a decision of the Circuit Court of the United States for the Southern District of New York (121 Fed. 207), affirming a decision of the Board of United States' General Appraisers, which sustained the action of the collector in his assessment of duty upon the merchandise in question. Note G. A. 4,200. No sample of the imported books was produced at the argument but they are thus described in the report of the assistant appraiser: "The merchandise under protest consists of books for children's use, containing illuminated lithographic prints, the books being in the German Language." The collector assessed duty under paragraph 400 of the tariff act of 1897. Act July 24, 1897, c. 11, § 1, Schedule M, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672]. The importers protested, insisting that the merchandise was entitled to free entry under paragraph 502 of the same act. Section 2, 30 Stat. 196 [U. S. Comp. St. 1901, p. 1681]. The last sentence of paragraph 400, the only portion in controversy, is as follows:—"Books of paper or other material for children's use, containing illuminated lithographic prints, not exceeding in weight twenty-four ounces each, and all booklets and fashion magazines or periodicals printed in whole or in part by lithographic process or decorated by hand, eight cents per pound." Paragraph 502 of the free list is as follows:—"Books and pamphlets printed exclusively in languages other than English; also books and music, in raised print, used exclusively by the blind." The Board of Appraisers and the Circuit Court have upheld the action of the collector upon the ground that the language quoted from paragraph 400 is more specific than the provisions of paragraph 502.

W. Wickham Smith, for appellants.

Henry C. Platt, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

COXE, Circuit Judge (after stating the facts as above). The question presented is an exceedingly narrow one. Each of the paragraphs involved describes the books in controversy. Neither contains the qualification "not otherwise provided for." Both contain words of limitation but, after careful consideration, we are inclined to agree with the Circuit Court and the board that the collector's paragraph is the more specific. Both paragraphs relate, broadly, to books, 502 being limited only to books printed in a foreign language, while 400 is limited to books (1) for children's use, (2) containing illuminated lithographic prints, and (3) not weighing more than 24 ounces. From the generic class "books," the former paragraph carves out the broad subdivision, books printed in a foreign language; the latter carves out what is, perhaps, an equally broad subdivision, but limits it by two additional restrictions relating to contents and weight. "Books for children's use" may be no more specific than "books printed exclusively in languages other than English," but when children's books are limited to the comparatively small class containing illuminated lithographic prints and weighing twenty-four ounces or less, we think the description is more specific. Fink v. United States, 170 U. S. 584, 18 Sup. Ct. 770, 42 L. Ed. 1153, and cases cited. The language in controversy is not found in the act of 1894. Act Aug. 27, 1894, c. 349, 28 Stat. 509. It is a new provision in the act of 1897, and its presence there is significant. Under the act of 1894, which contained a similar paragraph to 502 quoted above, these books might have been entitled to free entry. When, therefore, Congress passed the present law it seems probable that the intention was to collect duty upon all illuminated lithographic prints even though bound together in book form and described in text printed in a foreign language. If the books contain the prints it matters not in what language the text is printed. In other words we cannot resist the conclusion that after providing for the free entry of books printed in foreign languages the lawmakers intended to remove from this category books for children containing illuminated prints. If Congress had purposed to make an exception in favor of such children's books when printed in a foreign language it would have said so in unequivocal language.

The judgment is affirmed.