UNITED STATES v. MARTIN.

(Circuit Court, D. Massachusetts. April 23, 1907.)

No. 18 (1,518).

CUSTOMS DUTIES—CLASSIFICATION—SCAMMONY RESIN—DRUG.

Scammony resin, prepared from gum scammony, or scammony root, and used principally in compounding medicines, is dutiable as a drug advanced in value or condition, under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 20, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628], rather than as a medicinal preparation, under paragraph 67, 30 Stat. 154 [U. S. Comp. St. 1901, p. 1631].

On Application for Review of a Decision of the Board of United States General Appraisers.

In the decision below the Board of General Appraisers sustained the protest of Gustav Martin against the assessment of duty by the collector of customs at the port of Boston. This action was taken on the authority of a former decision of the Board. In re Parke, G. A. 5,010 (T. D. 23,323). The opinion in the former case reads as follows:

SOMERVILLE, General Appraiser. The merchandise in question is known as "scammony resin." It was assessed for duty under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 67, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1631], as a medicinal preparation in the preparation of which alcohol is used, at the rate of 55 cents per pound. The protestants contend that the article is not a medicinal preparation, but a drug, and (1) that it is free of duty under the provision in section 2, Free List, par. 548, 30 Stat. 197 [U. S. Comp. St. 1901, p. 1683], for crude drugs "not advanced in value or condition by refining or grinding, or by other process;" or (2) that it is dutiable at the rate of one-fourth of one cent per pound and 10 per cent. ad valorem under Schedule A, par. 20, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628], as a drug "advanced in value or condition by refining, grinding, or other process."

The evidence not only fails to sustain the claim that the merchandise is a crude drug, but, on the contrary, shows that it is a manufactured article made of scammony. A witness for the importers testified that the article is the same as that covered by T. D. 6,118, which was "manufactured by digesting scammony root or the crude gum scammony in alcohol until exhausted, removing the alcohol by distillation, and precipitating the resin by the action of water, and then drying the product at a gentle heat." We hold therefore that the article is not free of duty under said paragraph 548 as a crude drug.

The alternative claim of the protestants that the merchandise is dutiable as a drug advanced in value, rather than as a medicinal preparation, is, in our opinion, well founded. Although there is some evidence that the article can be used as a medicine without further preparation than is required to reduce it to a powder, the weight of the evidence is that its chief use is as an ingredient in the preparation of pills and other medicines. One of the witnesses, a druggist of experience, testified that, before it can be used at all, it has to be dried in a kiln and then powdered; that, before it is fit to be used medicinally, it must be compounded with other drugs; and that it is principally employed in the production of calisaya compounds. As imported, it is in the form of flattened rolls about a foot in length, wrapped in coarse paper, and its appearance would indicate that it is not intended for use as a medicinal preparation without further manipulation. It satisfactorily appears to be an article from which medicines are to be made, rather than a medicinal preparation itself. This view is supported by the statement in the United States Dispensatory, under the head "Resina Scammonii," that:

"When rubbed with unskimmed milk, the resin of scammony forms a uniform emulsion undistinguishable from rich milk itself. This is an excellent

mode of administration. The resin should always be given either rubbed up with some mild powder or in emulsion."

In U. S. v. Merck, 66 Fed. 251, 13 C. C. A. 432, it was held by the Circuit Court of Appeals for the Second Circuit that elaterium imported in little cakes, which was not used in that form as a medicine, but was an article from which medicinal preparations were made, was not dutiable as a medicinal preparation. Note, also, In re Dodge, G. A. 4,859, where guarana, an article that is not used as a medicine without being first prepared, was held not to be dutiable as a medicinal preparation.

Although both of the articles covered by the decisions cited were held to be free of duty as crude drugs, the present case is distinguishable from those, in that the drugs then in question were in a crude condition, while the article now under consideration is not crude, but, as stated above, is prepared from scammony by an elaborate process of manufacture.

We hold that the merchandise is dutiable under said paragraph 20, as a drug advanced in value or condition.

The protest is therefore sustained in so far as it makes this claim, and the decision of the collector reversed, with instructions to reliquidate the entry accordingly.

William H. Garland, Asst. U. S. Atty.

Charles P. Searle (Edward S. Hatch, on the brief), for importer.

BROWN, District Judge. The decision of the Board of General Appraisers is affirmed.