## A. KLIPSTEIN & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 12, 1909.)

### No. 127 (5,205).

CUSTOMS DUTIES (§ 21*) — CLASSIFICATION — GLYCEROPHOSPHATE OF LIME — "MEDICINAL PREPARATION"—OCCASIONAL USE—"CHEMICAL COMPOUND."

Glycerophosphate of lime, though occasionally dispensed medicinally, is almost always used in combination with other drugs in the preparation of elixirs. *Held*, that it is not a "medicinal preparation," but a "chemical compound," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule A, pars. 3, 67, 30 Stat. 151, 154 (U. S. Comp. St. 1901, pp. 1627, 1631).

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 32; Dec. Dig. § 24.*

For other definitions, see Words and Phrases, vol. 5, pp. 4465–4466; vol. 8, pp. 7720, 7600.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

The opinion below reads as follows:

PLATT, District Judge. The merchandise covered by this appeal is described as glycerophosphate of lime. Duty was assessed thereon at the rate of 55 cents per pound under the provisions of Act July 24, 1897, c. 11, § 1, Schedule A, par. 67, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1631), as a "medicinal preparation containing alcohol, or in the preparation of which alcohol is used." The importer in his protest set forth various claims, but upon the argument relied chiefly upon the provision in paragraph 3 of said act for "chemical compounds." The Board of General Appraisers overruled the protest, sustaining the classification of the collector.

The merchandise as imported can be and is used as a nerve tonic by simply dissolving it in water. It can also be mixed with other ingredients to make a pleasant dose; but in and of itself it is a good tonic and will alleviate pain. Up to this time it may have been more largely devoted to use as one of the ingredients of an elixir or other composition; but it is clearly capable of use as it comes, and is so used. If we were kindly about the classification, that use might increase prodigiously.

The decision of the Board of General Appraisers is affirmed.

Everit Brown, for appellants.

J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. The importation in question is glycerophosphate of lime. It was assessed by the collector as a medicinal preparation under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 67, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1631), and his decision was affirmed by the board and by the Circuit Court. The importer contends that it should have been assessed as a chemical compound not specially provided for.

The proofs show, that the article is a chemical compound in the preparation of which alcohol is used, and that, though it is occasionally dispensed medicinally in its imported form, it is almost always used in combination with other drugs in the preparation of elixirs.

Paragraph 3 is as follows:

Alkalies, alkaloids, distilled oils, essentials oils, expressed oils, rendered oils, and all combinations of the foregoing, and all chemical compounds and salts not specially provided for in this act, twenty-five per centum ad valorem.

Paragraph 67 is as follows:

Medicinal preparations containing alcohol, or in the preparation of which alcohol is used, not specially provided for in this act, fifty-five cents per pound, but in no case shall the same pay less than twenty-five per centum ad valorem.

The article is not specially provided for, but as a chemical compound is enumerated in paragraph 3. If a medicinal preparation, it is also enumerated in paragraph 67 and should be classified under it as the more specific. Fink v. United States, 170 U. S. 584, 18 Sup. Ct. 770, 42 L. Ed. 1153. But we have held under similar paragraphs of the act of 1890 that crude cocaine, a drug which is occasionally dispensed in its imported form, but generally used in combination with other drugs to make medicinal preparations, is not itself a medicinal preparation. Hirzel v. United States, 58 Fed. 772, 7 C. C. A. 491. The Circuit Court for the District of Massachusetts took the same view in the case of scammony resin. United States v. Martin, 155 Fed. 264.

Following these decisions, the judgment is reversed.