BUSH & Co. (INC.) *v.* UNITED STATES (No. 2782)[1]

1. PRESUMPTION FAVORS COLLECTOR.
   Although the collector's report did not state that the merchandise was a chemical, such finding was necessary to support his classification; and it will be presumed that he correctly so found.

2. CONSTRUCTION, PARAGRAPH 23, TARIFF ACT OF 1922.
   The provision of paragraph 23, Tariff Act of 1922, for "chemicals" is not limited to such as are used as medicine.

3. SAME—"WHETHER DUTIABLE OR FREE"—CHEMICAL FERTILIZER TABLETS.
   Paragraph 23, Tariff Act of 1922, providing for chemicals, "Whether dutiable or free," if in tablets, invades all other paragraphs of the act. It prevents the free entry of chemical fertilizer tablets under paragraph 1583 as a substance used chiefly for fertilizer.

United States Court of Customs Appeals, January 21, 1927

APPEAL from Board of United States General Appraisers, Abstract 51764

[Affirmed.]

*Frank L. Lawrence*, Assistant Attorney General (*Martin T. Baldwin*, of counsel), for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel), for the United States.

[1] T. D. 41971.

[Oral argument October 5, 1926, by Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

The merchandise involved in this appeal is described in the invoices as chemically prepared fertilizer. It was imported in the form of tablets. It was assessed for duty by the collector at 25 per centum ad valorem under paragraph 23 of the Tariff Act of 1922, which reads as follows:

PAR. 23. Chemicals, drugs, medicinal and similar substances, whether dutiable or free, when imported in capsules, pills, tablets, lozenges, troches, ampoules, jubes, or similar forms, including powders put up in medicinal doses, shall be dutiable at not less than 25 per centum ad valorem.

It is claimed to be free of duty as a substance chiefly used as fertilizer under paragraph 1583 of the Tariff Act of 1922, which reads as follows:

PAR. 1583. Guano, basic slag, ground or unground, manures, and all other substances used chiefly for fertilizer, not specially provided for: *Provided*, That no article specified by name in Title I shall be free of duty under this paragraph.

On the trial below the three protests were consolidated. The importer introduced in evidence an official sample of the merchandise and the reports of the appraiser and rested. No evidence was introduced by the Government. The reports made by the appraiser to the several protests are identical and we, therefore, quote but one. He said:

* * * This merchandise, a plant food and fertilizer, is in tablet form, and was therefore returned for duty at 25% ad valorem, under paragraph 23, covering *chemicals* and similar substances, whether dutiable or free, when imported in capsules, pills, tablets, or similar forms. * * * (Italics ours.)

The reports of the collector are as follows:

*        *        *        *        *        *        *

DESCRIPTION OF MERCHANDISE AND ASSESSMENT

Fertilizer: In tablet form, classified at 25%, paragraph 23, of the Tariff Act of 1922.

REASONS AND AUTHORITY FOR ACTION

It appears to this office that the provisions of paragraph 23 are more specific for an article in tablet form than paragraph 1583 for fertilizer for the reason that the latter paragraph contains the proviso that no article specified by name in Title I shall be free of duty under that paragraph. The article is a tablet and is provided for as such, by name, in paragraph 23, referred to above. * * *

* * * DESCRIPTION OF MERCHANDISE AND ASSESSMENT

Fertilizer: In tablet form, classified at 25%, paragraph 23, of the Tariff Act of 1922.

REASONS AND AUTHORITY FOR ACTION

Classified under paragraph 23 by reason of the fact that the article was in tablet form.    Abstract 37925 cited.    *  *  *

*  *  *  DESCRIPTION OF MERCHANDISE AND ASSESSMENT

Fertilizer: In tablet form classified at 25%, paragraph 23, of the Tariff Act of 1922.

REASONS AND AUTHORITY FOR ACTION

So classified because the article was in tablet form.    *  *  *

Abstract 37925 is referred to in one of the reports of the collector. The merchandise involved in that case consisted of "antiplague serio-vaccine or serum" contained in ampoules.    The court held that, because it was imported in ampoules, the merchandise was dutiable at 25 per centum under paragraph 17 of the tariff act of 1913 as a medicinal or similar substance in ampoules.

The court also said:

In the cases of Morgenstern & Co., decided October 23, 1914, G. A. 7623 (T. D. 34863), and Stone & Downer Co., G. A. 7624 (T. D. 34864) this board held that the first portion of paragraph 17, dealing with packages of less than 2½ pounds, did not affect any article on the free list, "while the latter part of the paragraph, referring to chemicals, drugs, medicinal, and similar substances, 'imported in capsules, pills, tablets, lozenges, *  *  * or similar forms,' applies to all such articles, whether dutiable or free."

The official sample shows that the merchandise is known as "Cipps" and is described as "Carters pills for plants."    An analysis of the merchandise is shown on the official sample and reads as follows:

### Analysis

| | Per cent |
|---|---|
| Water-soluble nitrogen | 12. 5 |
| Available phosphoric acid | 20. 0 |
| Potash soluble in water | 13. 5 |

The trial court held that the decisions of the collector were presumptively correct; and that the importer failed to prove that the "composition and chief use" of the merchandise were such as to justify a reversal of the decisions of the collector.

The protests were accordingly overruled.

It is claimed by the appellant: That it has been established by the report of the appraiser and the returns of the collector that the merchandise "is a fertilizer" and classifiable as such under paragraph 1583; that, as chief use is made the test of the operation of that paragraph, and, as the merchandise meets that test, it is more specifically provided for therein than under the general provision for chemicals contained in paragraph 23; that the provisions of paragraph 23 are limited to substances having a medicinal character

or use; and that, as the merchandise in question is but a plant food or fertilizer, it is not included therein.

It is contended by the Government: That paragraph 23 is not limited to "medicinal chemicals or drugs" but was intended to cover all chemicals and drugs, whether dutiable or free, when imported in any of the forms mentioned therein; that, while the record may be considered as establishing that the involved merchandise is a fertilizer and chiefly used as such, nevertheless the importer failed to prove that it was not a chemical or drug; and that, as the decisions of the collector import a finding that it was one or the other or both, and as it was imported in the form of tablets, it was properly assessed at 25 per centum ad valorem in accordance with the provisions of paragraph 23.

When the case was argued orally in this court counsel for the Government conceded that the report of the appraiser established that the merchandise was a fertilizer and chiefly used as such. We think this concession was properly made. The returns of the collector show a finding consistent therewith.

This brings us to a consideration of paragraph 23. The appellant contends that the provisions for chemicals and drugs are limited to such as are medicinal in character or used for such purposes. The Government contends that they are not so limited.

Paragraph 34 of the Tariff Act of 1922 provides that the term "drug" "wherever used in this act shall include only those substances having therapeutic or medicinal properties and chiefly used for medicinal purposes."

We find no such limitation placed on the word "chemicals:"

It can not be seriously contended, however, that the involved merchandise is a drug or a medicinal or similar substance.

Paragraph 65 of the tariff act of 1909 provided, among other things, that "chemicals, drugs, medicinal and similar substances, whether dutiable or free, imported in capsules, pills, tablets, lozenges, troches, or similar forms, *and intended for medicinal purposes*, shall be dutiable at not less than the *rate imposed by this section on medicinal prepara-tions.*" (Italics ours.) It will be noted that this paragraph was specially limited to chemicals and drugs intended for medicinal purposes; and the rate of duty to be assessed was the same as that provided for *medicinal preparations.*

Paragraph 17 of the tariff act of 1913 was not expressly limited to such chemicals as were intended for medicinal purposes. Nor is there any such express limitation on the scope of the word "chemicals," contained in paragraph 23. It is true that drugs and medicinal and similar preparations are made up into the several forms mentioned in the paragraph. But there is no reason, that occurs to us,

why chemicals which are not intended for medicinal purposes may not be manufactured into any of such forms.

We are of opinion that the word "chemicals" was intended to be sufficiently comprehensive to include all chemicals imported in any of the prescribed forms. This construction would include a substance chiefly used as fertilizer, if a chemical.

It will be noted that the appraiser in his report refers to paragraph 23, as covering "chemicals and similar substances."

There is nothing in the returns of the collector to indicate that he found that the merchandise was not a chemical in tablet form. There is an intimation in the returns that the collector assessed the rate of duty provided for in paragraph 23 solely because the merchandise was in tablet form. But this is nothing more than a supposition. Having assessed the rate of duty provided by paragraph 23 and having found that the merchandise was described therein and his returns not being inconsistent with a finding that it was a chemical, it will be presumed as a matter of law that he did so find. *United States* v. *Vitelli & Son*, 5 Ct. Cust. Appls. 151, T. D. 34194; *United States* v. *Schering et al.*, 123 Fed. 65, and cases cited therein; *United States* v. *Stone & Co.*, 13 Ct. Cust. Appls. 233; T. D. 41180.

The importer offered no evidence tending to overcome the presumption of correctness of the collector's decisions.

Certainly the written analysis on the official sample, hereinbefore quoted, does not prove that the merchandise is not a chemical.

Paragraph 23 provides that chemicals, *whether dutiable or free*, when imported in certain prescribed forms, shall be dutiable at not less than 25 per centum ad valorem. The phrase "whether dutiable or free" shows plainly that the Congress intended this paragraph to invade all other paragraphs of the act subjecting chemicals to a duty of less than 25 per centum ad valorem or admitting them free of duty if such chemicals are imported in any of the forms enumerated in the paragraph.

It is of no consequence, therefore, whether the merchandise is free of duty or dutiable, provided for by name or by use; if it is a chemical and imported in any of the named forms, it must be assessed for duty at not less than 25 per centum ad valorem, in accordance with the provisions of paragraph 23.

If the merchandise in question is a chemical, being in tablet form, it is dutiable at not less than the rate prescribed in paragraph 23. If it is not a chemical, the importer could have established that fact. It failed to do so.

We think that the judgment below is correct, and it is *affirmed.*

SMITH, J.: I concur solely on the ground that the importer failed to show that the merchandise was not a chemical.