Before the First Division

March 28, 1950

**No. 54179.**—J. B. Roerig & Company *v.* United States, protest 129447–K/5202 (Detroit).

The following memorandum, in which Oliver, Chief Judge, concurred, accompanied the order denying motion to dismiss:

Cole, Judge: Five entries at the port of Detroit, Mich., covered importations of so-called darthronal and heptuna capsules, which were classified as coal-tar products under paragraph 28 (a) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 28 (a)), carrying a duty assessment of 45 percent ad valorem and 7 cents per pound. Plaintiff claims that the commodities are classifiable under paragraph 23 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 23), which reads as follows: "Chemicals, drugs, medicinal and similar substances, whether dutiable or free, when imported in capsules, pills, tablets, lozenges, troches, ampoules, jubes, or similar forms, including powders put up in medicinal doses, shall be dutiable at not less than 25 per centum ad valorem."

There were two hearings in the case, both at the port of entry. At the first hearing before Judge Cline, plaintiff introduced testimony of two witnesses. Judge Ekwall presided over the second hearing when Government counsel moved "to dismiss the protest on the ground that no cause of action is therein stated, first. Second, no justiciable claim is contained in the protest." Thereafter, considerable colloquy developed between the court and counsel, the court deciding to let the motion for dismissal "go to the First Division for ruling." It might be added that the trial judge at the second hearing did rule on a controversial matter concerning limitation of the issue, and permitted plaintiff to proceed with additional testimony and final submission of the case.

By agreement between counsel, and with the approval of the court, the case is before us at this time solely on the Government's motion to dismiss, both parties having filed briefs directed entirely thereto. Following disposition of the motion, briefs on the merits, if such become necessary, will be filed.

My views set forth in *Geo. S. Bush & Co., Inc., et al.* v. *United States*, 22 Cust. Ct. 158, C. D. 1175, questioning the jurisdiction of the division to decide a case somewhat similar to these proceedings, continue as the minority expression from the division. Under the practice and procedure of the court and the rules applicable thereto, much litigation before the court is dependent upon my participation in a decision of the same. Adhering, however, to my views expressed in the *Bush* case, *supra*, but for the purpose of expediting the work of the court, I am preparing this memorandum and participating in the order denying defendant's motion for dismissal.

Said motion, made at the final hearing of the case, is a virtual reversal of the attitude taken by defendant at the original hearing when counsel for the respective parties entered into an oral stipulation wherein it was agreed that "In the event judgment is rendered herein in plaintiff's favor on the ground that the merchandise is properly classifiable under Par. 23 of the Tariff Act of 1930, then the

appraisement of the merchandise herein made on the basis of the American selling price thereof shall be void, and the matter shall be remitted by the court to a single judge who shall determine the proper dutiable value of the merchandise in the manner provided by the Tariff Act of 1930, as amended." Thus, at the first hearing when plaintiff introduced oral testimony and other evidence, defendant recognized a justiciable issue, but 4 months later, at the second hearing, acted differently and assumed its present position.

The basis for defendant's motion is set forth in counsel's brief as follows: "The government respectfully submits that the motion to dismiss should be granted for the reason that paragraph 23, *supra*, is merely a *minimum rate* provision, and that since the collector's classification does not violate that minimum rate, but in fact assesses duty at a higher rate than the minimum provided in paragraph 23, the protest does not present any controversy between the parties. Hence, there is no justiciable issue before the court." In support thereof, *Bush & Co. (Inc.)* v. *United States*, 14 Ct. Cust. Appls. 345, T. D. 41971, and *Smith & Son Manufacturing Co.* v. *United States*, 15 Ct. Cust. Appls. 277, T. D. 42468, are cited. Both cases arose under the Tariff Act of 1922, of which paragraph 23 is a prototype of paragraph 23 of the present tariff act, under which plaintiff claims classification for the products in question.

The *Bush* case, T. D. 41971, *supra*, involved merchandise described as "chemically prepared fertilizer" which was imported in the form of tablets. The collector classified the commodity under paragraph 23, and the importer claimed it to be chiefly used as a fertilizer, entitled to free entry under the provision for "substances used chiefly for fertilizer, not specially provided for," in paragraph 1583 of the Tariff Act of 1922. The Government conceded that the merchandise was in fact a fertilizer and chiefly used as such, thereby presenting the legal question, i. e., whether the provisions of said paragraph 23 were sufficiently comprehensive to include all chemicals imported in any of the prescribed forms, as claimed by the Government, or whether the chemicals contemplated thereby were only those, medicinal in character or used for such purpose, as alleged by the importer. The statutory construction urged by the Government was upheld and on a record in which the importer failed to overcome the presumption attaching to the collector's classification of the product as a chemical in tablet form, the claim for free entry as a fertilizer was overruled.

The *Smith* case, *supra*, concerned a vaccine imported in ampoules and used by dentists for treatment of pyorrhea. It was classified under paragraph 23 as a vaccine in ampoules and claimed to be free of duty under paragraph 1510 of the Tariff Act of 1922, as a vaccine used for therapeutic purposes. On uncontradicted proof showing that the vaccine was a biological product not allowed to be imported unless "it was brought in in sealed containers," the importer argued that if such substance were not classified under paragraph 1510, *supra*, it would result "that no vaccine of the kind under consideration will be given free entry, notwithstanding paragraph 1510 provides that vaccines used for therapeutic purposes shall enjoy that privilege." In overruling such contention, the court stated: "The evidence does not establish that this vaccine may not be imported in containers other than ampoules, but if it did, Congress has emphatically declared in paragraph 23 that drugs and medicinal and similar substances so imported are to be assessed at not less than 25 per centum ad valorem. There is no ambiguity whatever about this provision, and whenever any of the articles named in that paragraph are imported in ampoules, they must, in the absence of some provision more specifically controlling than paragraph 1510, pay at least that rate of duty."

The foregoing review of the two cited cases reveals nothing to support the motion for dismissal. On the contrary, the decisions, construing, as they do, paragraph 23, *supra*, show that the provisions thereof contemplate the classifica-

tion of certain kinds of merchandise imported in definitely specified forms, and supply reason for plaintiff's position.

The protest in question is directed against the collector's classification of the present merchandise as coal-tar medicinals under paragraph 28, *supra*, and alleges that the imported products are drugs in capsules, one of the classes of merchandise provided for in said paragraph 23. That a justiciable issue has been formed therefrom is clear.

The conclusion makes it unnecessary to discuss additional points suggested by counsel for plaintiff in their brief.

The following, over the signature of Mollison, J., appeared on the face of the order denying motion to dismiss:

I do not concur in all of the reasons set forth in the memorandum signed by my colleagues accompanying this order, particularly with respect to that part of the same which refers to the case of *Geo. S. Bush & Co., Inc., et al.* v. *United States*, 22 Cust. Ct. 158, C. D. 1175, and the actions of the single circuit judges in this case. However, I am satisfied that the motion to dismiss should be denied, and with the foregoing reservations, I join in this order.