LICHTENSTEIN *v.* UNITED STATES (NO. 12). JOHN ZIMMERMAN CO. *v.* UNITED STATES (NO. 13).[1]

BLANKET PROTEST, INSUFFICIENCY OF.

A protest, blanket in form, covering various classes of articles, not included in the importation or importations in question, fails to state the importer's claim with such clearness and certainty as to acquaint the collector with the real grounds of the complaint, and is insufficient. Protests are to be construed liberally and alternative claims are allowable, but the requirement of law that the importer shall set forth in the protest distinctly and specifically and in respect to each entry or payment the reason for his objection thereto may not be ignored.

United States Court of Customs Appeals, November 30, 1910.

TRANSFERRED from the United States Circuit Court of Appeals, Second Circuit, G. A. 6534 (T. D. 27885).
[Affirmed.]
*Brown & Gerry* for appellants.
*D. Frank Lloyd*, Assistant Attorney General (*Martin T. Baldwin*, special attorney), for the United States.

Before MONTGOMERY, HUNT, SMITH, and BARBER, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

In these two cases the Board of General Appraisers determined the cases solely upon the ground that the protests filed with the collector were insufficient. On appeal to the circuit court, this holding was affirmed, and the importers bring the cases here for review.

The protests are in all respects similar, and one of them is given at length:

NEW YORK, *February 17, 1906.*

Hon. COLLECTOR OF CUSTOMS, *Port of New York:*

SIR: Notice of dissatisfaction is hereby given with, and protest is hereby made against, your ascertainment and liquidation of duties, and your decision assessing duty at 30 per cent ad valorem or 60 per cent ad valorem, or other rate or rates, on braids, plaits, laces, hats, or other articles, composed wholly or in part of horsehair or of imitation or artificial horsehair, silk, straw, cotton, chip, grass, or other substance, covered by entries below named. The reasons for objection, under the tariff act of July 24, 1897, are as follows: Said merchandise is covered by, and is dutiable under, section 6 at only 20 per cent ad valorem, or paragraph 409 at only 15 per cent ad valorem, or 20 per cent ad valorem (as braids, plaits, laces, sheets, or squares), or at only 25 per cent ad valorem or 50 per cent ad valorem (as hats, bonnets, or hoods). If not dutiable as aforesaid, all of said merchandise is covered by, and is dutiable under, paragraph 430 at only 10 per cent ad valorem, or paragraph 429 at only 20 per cent ad valorem, or paragraph 198 (as wood) at only 20 per cent ad valorem, or paragraph 3 (as chemical compounds) at only 25 per cent ad valorem, or paragraph 431 at only 10 cents per square yard or only 20 cents per square yard, or paragraph 258 at only $1.50 per ton, or paragraph 323 at only $5 per ton. Such of said merchandise as has been assessed for duty at more than 30 per cent ad valorem, if not dutiable as aforesaid, is covered by, and is dutiable under, paragraph 449 (as manufactures of chip, grass, palm leaf, straw, weeds, etc., or of which these substances or either of them is the component of chief value) at only 30 per cent ad valorem, or paragraph 450 (as

---

[1] Reported in T. D. 31105 (19 Treas. Dec., 1217).

manufactures of human hair .or other substance therein named, or of which these substances or either of them is the component of chief value) at only 35 per cent ad valorem, or paragraph 208 (as manufactures) at only 35 per cent ad valorem, or paragraph 453 at only 35 per cent ad valorem, or the last part of paragraph 346 at only 35 per cent ad valorem, or paragraph 347 at only 15 per cent ad valorem, or paragraph 320 (as tapes, webs, webbing, or other article therein named) at only 45 per cent ad valorem, or paragraph 322 at only 45 per cent ad valorem, or paragraph 314 (as clothing or articles of wearing apparel) at only 50 per cent ad valorem, or paragraph 359 (as bandings, hatbands, webs, webbings, or other articles therein named) at only 50 per cent ad valorem, or paragraph 391 (as manufactures) at only 50 per cent ad valorem.  Such of the merchandise covered by this protest as has been assessed with more duty than would accrue upon it under the remaining paragraphs herein mentioned, if not dutiable as aforesaid, is covered by, and is dutiable under, the first part or proviso of paragraph 346 at the rate or rates therein provided according to weight, count, etc., or paragraph 17 at only 50 cents per pound, or only 60 cents per pound, or only 65 cents per pound and 25 cents ad valorem, or paragraph 432 as therein provided according to value, or paragraph 302 as therein provided according to number, etc.  All of the merchandise covered by this protest is either composed in sufficient quantities of the materials required by the paragraphs herein referred to, or else it is nonenumerated articles and subject to sections 6 and 7 because composed wholly or in chief value or in part of horsehair or of imitation or artificial horsehair, silk, straw, cotton, chip, grass, or other substance.

This protest applies to items 8900, 9194, 9236, 9280, 9278, 9271, 9274, and to all other items upon the invoices.

The parts of the law referred to in above claims are the.only, or the most apt and specific, ones for said merchandise or articles and should control the classification. The above claims, severally and collectively, are alternatively made under the paragraphs or sections referred to, both directly and by similitude, and component material or otherwise, as provided in section 7, and by the rules as to the ordinary meaning of words, the statutory meaning, commercial designation, meaning or usage, controlling force of chief use and chief component in value, and by all statutory, judicial, or other rules for the construction of the law; hereby reserving all questions of law and fact.  This protest is intended to apply to all merchandise or articles included in the entries and importations referred to herein, and to each and all future importations of the same or similar merchandise or articles, and to the payments thereon.  The entry numbers and other marks, numbers, and data, below given, are given under duress, without prejudice, to aid you, and not to limit this protest.  The excess is paid under compulsion, to obtain and retain possession of said merchandise or articles, and you and the Government are held liable for the same, and a demand for the payment thereof, and for a readjustment or liquidation of the entries in accordance with the above claims, is hereby made.

The offer is hereby made to furnish evidence to the Board of United States General Appraisers, on reasonable notice from them, of the facts involved, and in support of the contentions herein.

Entry No. 246573; vessel, *Kroonland;* entered, November 9, 1905; bond No. G.; liquidated, February 14, 1906; marks and Nos., H. F. & Co., 707, S 437, B 3169/71; and various as per entries and invoices.

Respectfully,                    JOHN ZIMMERMAN CO.,
By JOHN FRANCIS STRAUSS, *Attorney,*
*27 William Street, New York City.*

EVERITT BROWN, *Counsel.*

We have recently had occasion to consider section 14 of the customs administrative act of June 10, 1890, in the case of Carter *v.* United

States (T. D. 31033), *supra*, p. 64. That case contains a review of the decisions and a statement of our views as to the essentials of a valid protest. In addition to that authority, it may be stated that the courts have established the rule, which we think entirely sound, that a protest may be in the alternative and point out more than one provision of the tariff act under which it is claimed that the importation may be dutiable. Koechl *v.* United States (91 Fed. Rep., 110), Legg *v.* Hedden (37 Fed. Rep., 861), *In re* Downing et al. (45 Fed. Rep., 412), and Blumenthal *v.* United States (72 Fed. Rep., 48).

These cases present, however, a somewhat different question. While a protest should be construed liberally, and while alternative claims are allowed, yet there is the requirement which can not be ignored contained in the words of the section involved that "the importer shall set forth in the protest distinctly and specifically, and in respect to each entry or payment, the reason for his objections thereto." The uncertainly in the present case, if any, arises out of the fact that a blanket form of protest was employed. It was to cover, in the language of the protest, a decision of the collector in assessing duty "at 30 per cent ad valorem or 60 per cent ad valorem, *or other rate or rates*, on braids, plaits, laces, hats, *or other articles*, composed wholly or in part of horsehair or of imitation or artificial horsehair, silk, straw, cotton, chip, grass, or other substance, covered by entries below named.".

In the several importations in which these protests were used there were included not all the classes of goods enumerated, each importation including but one or two classes of goods, with the result that the main and alternative grounds named in the protest were incongruous. Sections of the statute in no way affecting the importation in question were enumerated, and the burden was imposed upon the collector of picking out in each case which of the goods enumerated in the protest were actually contained in the importation. But more than this, as the protest contained a large number of claims that were pertinent only to some other classes of goods, involving some other importation, it imposed the burden upon the collector of going through the entire claim in the list to ascertain what was in the mind of the protestant in filing his protest, and by a process of exclusion of undertaking to ascertain the real claim put forth. This is far from being specific. As was said by the board:

It does not seem that there is such a correlation between horsehair braids and hats and curled hair for mattresses, chemical compounds, sheets of collodion, straw or flax straw dutiable by the ton, sawed planks of cabinet wood, manufactures of fur, gelatin, ivory, shell, etc., and indurated fiber ware or manufactures of wood pulp as to require any judicial construction in the matter.

It is not essential that the importer shall in the protest "hit the bird in the eye." But it is essential that he state his claim with such

reasonable clearness and certainty as to acquaint the collector with the real ground of his complaint. This protest is misleading rather than informing. This obscurity results from a pernicious method of attempting to throw upon the collector and the courts the burden which properly rests upon the protestant of fairly apprising the collector and the court of *real* claims as distinguished from possible claims, which might be appropriately made with reference to goods not involved in the importation in question.

The decision of the Board of General Appraisers and of the circuit court is affirmed.

DE VRIES, Judge, having participated in the decision of the board, did not sit.