Bing & Co.'s Successors *v.* United States (No. 675).[1]

1. SUFFICIENCY OF PROTEST.

    The use of "etc." in the protest is not to be commended, but a nice precision is not required, and as the collector could ascertain without much difficulty the merchandise to the classification of which objection was made, the protest must be held sufficient.—Carter *v.* United States (1 Ct. Cust. Appls., 64; T. D. 31033).

2. VALUE IN CHIEF.

    To ascertain the material of chief value in any manufacture the value of the materials should be determined as of the time when they have reached such condition that nothing remains to be done by the manufacturer except to put them together. The testimony here is not such as to make it possible fairly to determine the element of value in chief in the merchandise.—United States *v.* Meadows (2 Ct. Cust. Appls., 143; T. D. 31665).

United States Court of Customs Appeals, May 8, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7210 (T. D. 31520).

[Affirmed.]

*Comstock & Wa-hburn (Albert H. Wa:hburn* and *J. Stuart Tompkins* of counsel) for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

    Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Certain pots, baskets, bonbonieres, jardinieres, bowls, inkstands, boxes, blotter and paper holders, candlesticks, and coupes of earthen-

---

[1] Reported in T. D. 32532 (22 Treas. Dec., 848).

ware, reported by the deputy appraiser to be ornamented with bronze, were classified by the collector of customs at the port of New York as ornamented earthenware and assessed for duty at 60 per cent ad valorem under the provisions of paragraph 93 of the tariff act of August 5, 1909, of which paragraph the part material to this case reads as follows:

93. China, * * *, earthen, * * *, and crockery ware, including clock cases with or without movements, * * *, ornaments, * * *, vases, * * *, all the foregoing wholly or in chief value of such ware; painted, * * *, gilded, * * *, or ornamented or decorated in any manner; and manufactures in chief value of such ware not specially provided for in this section, sixty per centum ad valorem.

To this classification and assessment for duty the importers presented their protest in due time, which protest, in so far as it is material to this case, reads as follows:

NEW YORK, *Mar. 8, 1910.*

Hon. COLLECTOR OF CUSTOMS, Port of New York.

Sir: Notice of dissatisfaction is hereby given with, and protest is hereby made against, your ascertainment and liquidation of duties, and your decision assessing duty under the tariff act of August 5th, 1909, at 60% ad val. on electroliers, vases, and articles of glass and metal, etc.

The classification of said merchandise is not governed by par. 98 or par. 93, nor is it dutiable as assessed. It is elsewhere more specifically provided for. It is dutiable at 45% ad val. under par. 109 as manufactures wholly or in chief value of glass or paste, n. s. p. f., or at 45% ad val. under par. 199 as articles n. s. p. f., composed wholly or in part of metal, or at 35% ad val. under the first clause of par. 95, or at 35% ad val. under par. 464 as manufactures wholly or in chief value of ivory, shell, or other substances therein named, n. s. p. f., or at 35% ad val. under the first clause of par. 463 as manufactures wholly or in chief value of bone, horn, or other substances therein named, n. s. p. f., or at 50% ad val. under par. 112 as vases or other articles of the kind therein provided for, or at 55% ad val. under par. 94, or at 4 cts. per lb. and 35% ad val. or 55% ad val. under par. 195, or at 30% ad val. under par. 151.

* * * * * * * *

The marks and numbers below given are given under duress and without prejudice. Entry No. 263038. Pr. Lincoln. Entered Oct. 22/09. Bond No. C. Liquidated Feb. 21/10. Marks and Nos. ——, and various as per entries and invoices.

Respectfully,

F. BING & CO.'s SUCCS.,

By COMSTOCK & WASHBURN, Attorneys,

*Attorneys and Counselors at Law, 12 Broadway, New York City.*

The Board of General Appraisers overruled the protest because it was indefinite and uncertain, and the importers appealed.

We must say that the protest is rather inartificially drawn and that the use of the conventional sign for *et cetera* in order to save the trouble of enumerating the merchandise which the protest was intended to cover is not wholly free from objection. Inartificial as it was, however, the protest did call the attention of the collector to the particular entry to which it was addressed and to the fact that the importers objected to the assessment of duty on electroliers, vases, articles of glass and metal, and other things at the rate of 60 per cent ad valorem under paragraphs 98 and 93 of the act. Paragraph 98 relates to articles of glass and paragraph 93 to articles of earthenware. The collector therefore knew from the face of the

protest that the goods to which it was directed were of glass and of earthenware and that he had assessed them for duty at 60 per cent ad valorem. By consulting the entry named in the protest and the invoices to which it referred he could readily ascertain the articles actually involved, knowing, as he did, the nature of the merchandise and the rate of the duty to which objection was made. True, the protest can not be commended for its precision, but as nice precision is not required and as the collector could without much difficulty ascertain from it the merchandise to the classification of which objection was made, we think it was sufficient under the decisions. Carter *v.* United States (1 Ct. Cust. Appls., 64; T. D. 31033).

Apart from the sufficiency of the protest, there is but one other question in the case and that is, Are the imported goods in chief value of earthenware or are they in chief value of metal? On the hearing before the board the importers sought to establish that the component of chief value of the merchandise was metal, and in that behalf produced the testimony of two witnesses, one of them an officer of the importing company and the other a Government examiner. Both of these witnesses testified to the value of the wares with and without the bronze metal embellishment, but neither of them ventured to state what was the value of the metal when ready and prepared to be joined to the article which it was designed to ornament. At first glance it would seem that having evidence of the value of the completed article and that of one component sufficient data was furnished to calculate the value of the other. Such is not the case, however. The value of the earthenware material subtracted from the total value of the several articles does not give the value of the metal which entered into the composition of the merchandise, but the value of the metal plus the cost of putting together the metal and the earthenware. To ascertain the material of chief value in any manufacture, the value of the materials should be determined as of the time when they have reached such a condition that nothing remains to be done upon them by the manufacturer except to put them together. United States *v.* Meadows (2 Ct. Cust. Appls., 143; T. D. 31665); Vandiver *v.* United States (2 Ct. Cust. Appls., 505; T. D. 32246); Seeberger *v.* Hardy (150 U. S., 420).

No testimony being furnished touching the cost of uniting the components of the merchandise, we are unable to determine the value of the metal and are therefore unable to determine with any resonable certainty that it is the element of chief value. The value of the earthenware as compared with the total value of some of the goods is small, and it is entirely possible that in such goods metal is the component of chief value. We can not, however, set aside the finding of the collector on a mere surmise or on the probabilities of the case, and, having no competent evidence before us tending to show that the collector erred, we must sustain his assessment.

The decision of the Board of General Appraisers is *affirmed.*