OELRICHS & CO. *v.* UNITED STATES (No. 854).[1]

APPROPRIATE PROVISION TO BE NAMED IN PROTEST.

The protest claimed the importation as "bales bagging," to be free under paragraph 644, tariff act of 1909, as paper stock, crude, of every description. It is now admitted the merchandise could not be properly classified as "bagging" under that paragraph. But the collector was directed to that paragraph by the protest, and, being accordingly misdirected, the protest was insufficient.—Bliven *v.* United States (1 Ct. Cust. Appls., 205; T. D. 31239); United States *v.* Danker & Marston (2 Ct. Cust. Appls., 462; T. D 32208).

United States Court of Customs Appeals, May 8, 1912.

APPEAL from Board of United States General Appraisers, Abstract 27571 (T. D. 32149)·

[Affirmed.]

*Searle & Pillsbury* (*William E. Waterhouse* of counsel) for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Charles D. Lawrence,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal involves a question of law as to the sufficiency of protest. The case arose at the port of Boston. The collector returned the merchandise as reported by the appraiser:

The merchandise subject of protest consists of gunny *bagging,* which had evidently been used in covering cotton bales. The pieces were both large and small, some

---

pieces with holes, while others were in good condition. The merchandise is not used for paper stock, but for the manufacture of padded goods, and it was therefore returned at 10 per cent ad valorem as waste n. s. p. f. under par. 479 (under the tariff act of 1909).

Protestant, who is appellant here, made claim in this language:

Sir: Under date of * * * made entry for us * * * covering * * * bales *bagging.* * * * We desire to protest against the assessment of duty on this shipment, claiming the importation free under paragraph No. 644 of the tariff act of August, 1909, as paper stock, crude, of every description.

It is now conceded by the importer, appellant, that the merchandise is not classifiable as "bagging" under paragraph 644, as alleged in the protest, but it is claimed that it is properly classifiable under paragraph 660, and therefore free of duty as "rags," and that the protest is sufficient to support that claim.

Paragraph 660 reads:

660. Rags, not otherwise specially provided for in this section.

Paragraph 644 reads:

644. Paper stock, crude, of every description, including all grasses, fibers, rags (other than wool), waste, including jute waste, shavings, clippings, old paper, rope ends, waste rope, and waste *bagging,* and all other waste not specially provided for in this section, including old gunny cloth and old gunny bags, used chiefly for papermaking. [The italics are ours.]

It is manifest from the foregoing that the protest does not make claim under the paragraph under which the merchandise is classifiable according to appellant's contention, but makes claim under another paragraph of the tariff law.

We think this case is ruled by the principle announced by this court in Bliven *v.* United States (1 Ct. Cust. Appls., 205, 208; T. D. 31239), wherein the court said:

The cardinal principle underlying the sufficiency of protests being that the protestant must *direct the mind of the collector to the appropriate provision of law,* it can not by any stretch of imagination be said that this requirement is satisfied when the protestant directs the mind of the collector to some other provision of law assessing a different rate of duty. Such is a more violent contravention of the requirement because it not only does not leave the mind of the collector free to determine for himself the appropriate provision, but carries his mind away from the applicable clause to an inapplicable one, and thus confuses the situation.—United States *v.* Danker & Marston (2 Ct. Cust. Appls., 462; T. D. 32208).

Nor is there anything in protestant's allegation that the merchandise is "bagging" that aids him in this controversy. While the protest denominates the importation as "bagging," that term in no sense conveys to the mind a substance equally denominated as "rags," the language of paragraph 660. "Bagging" is a term designative of a substantial and useful article, as used in the tariff act. (See paragraph 355.) Moreover, when used in the free list it occurs not in paragraph 660 but 644 as "waste bagging," to which the collector was specifically directed by this protest. Not alone, therefore, was his attention misdirected by the allegations of the num-

ber of the paragraph, but also as to the subject matter of the protest. The collector's return confirms this conclusion, for it shows that his mind was thus misdirected in that his return deals solely with paragraph 644 and its requirements, as applied to the importation in question and its relative qualities compared with said requirements.

*Affirmed.*