---

UNITED STATES v. STIRN (No. 1239).[1]

PROTEST, SUFFICIENCY OF.

The duty was erroneously computed, the collector applying a size number to the yarn greater than was warranted by the fact, the error proceeding from using the gray instead of the dyed condition of the article as a basis. The yarns, however, were dutiable according to their size number in a dyed condition and the protest as a whole shows that the importers had the correct provision of law in mind and by this the collector's attention was directed to it.—Carter v. United States (1 Ct. Cust. Appls., 64; T. D. 31033). Lichtenstein v. United States (*ib.*, 79; T. D. 31105); Oelrichs v. United States (3 *ib.*, 232; T. D. 32541). Bowling Green Storage Co. v. United States (3 *ib.*, 309; T. D. 32588) distinguished.

[1] Reported in T. D. 34191 (26 Treas. Dec., 271).

United States Court of Customs Appeals, February 5, 1914.

APPEAL from Board of United States General Appraisers, Abstract 32977 (T. D. 33594).
   [Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney on the brief), for the United States.
   Submitted on record by appellee.

     Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

   BARBER, Judge, delivered the opinion of the court:

In this case the importers submit upon the record and finding of the board. Brief and argument are presented by the Government. The merchandise consists of dyed schappe silk yarns and was assessed for duty under the provisions of paragraph 397 of the tariff act of 1909 according to the number of the yarns in the gray or original condition, against which the importers protested.

The Board of General Appraisers, following their prior decision G. A. 7295 (T. D. 32002), held the goods should have been assessed according to the number of the yarns in their dyed condition.

The Government does not otherwise contend, but claims that the protest did not correctly name the size number of the yarn covered by the importation when so ascertained; that, as the duty is finally determined upon the basis of such number, the protest is insufficient, not in form but in substance, and that therefore it ought to have been overruled.

Paragraph 397 is lengthy and relates only to spun silk or schappe silk yarns of various qualities, conditions, and size numbers. Generally speaking it provides for certain ad valorem rates depending upon quality, condition, size number, and value, and in addition a specific duty of ten one-hundredths of 1 cent per number per pound if the size number does not exceed 205, while if it exceeds that figure the specific additional duty is fifteen one-hundredths of 1 cent per number per pound.

The only provision in the paragraph for an ad valorem rate of 70 cents per pound and a specific additional duty of one-tenth of 1 cent per size number per pound if not above 205 and 15 one-hundredths of 1 cent per size number per pound if above 205 is found near the close of the paragraph, and we quote the same:

> If advanced beyond the condition of singles by grouping or twisting two or more yarns together, on all numbers up to and including two hundred and five, seventy cents per pound, and in addition thereto ten one-hundredths of one cent per number per pound; on all numbers exceeding number two hundred and five, seventy cents per pound, and in addition thereto fifteen one-hundredths of one cent per number per pound.

The material part of the protest is as follows:

> We claim said merchandise is spun silk No. 250/2 ply colors and on beams, and dutiable at 70 cents per pound and fifteen one-hundredths of a cent per number under paragraph 397.

As we understand, it is found by the Board of General Appraisers and conceded by the Government that the yarn in this particular protest is properly dutiable under the quoted part of the paragraph. It was assessed thereunder, but the duty was erroneously computed because the collector applied a size number to the yarn greater than in fact it was, for that he assumed it to be based upon the gray instead of the dyed condition.

No testimony was taken before the board. It appears from the record that the merchandise was sent to the appraiser's office for the ascertainment of the correct size numbers. Those reported applicable to dyed and colored yarns were found by the board to be the proper numbers thereof for the assessment of duties, a stipulation having been entered into by counsel for the importers and the Government that such numbers should be taken as the numbers to be used in reliquidating the entries. From that schedule it appears that the size numbers of the merchandise covered by the above protest were 261 and 269, and hence it is true that the protest did not correctly designate the number of the yarns.

The Government in its brief construes the protest as "a claim that the silk is two-ply colored yarn of number 250 and dutiable accordingly," and calls attention only to the fact that the correct number was 261. Its claim, therefore, as to the particular protest reduces to this, that it is insufficient in substance because the importers named a specific number which they said under paragraph 397 was the correct number of the yarn, while the proof shows the number so selected was incorrect.

Does this make the protest insufficient in substance, as claimed by the Government?

In Arthur v. Morgan (112 U. S., 495), it was said that—

A protest * * * is sufficient if it shows fairly that the objection afterwards made at the trial was in the mind of the party and was brought to the knowledge of the collector, so as to secure to the Government the practical advantage which the statute was designed to secure.

In the case of Carter v. United States (1 Ct. Cust. Appls., 64; T. D. 31033), that rule was followed and many other cases upon the before somewhat vexed question as to the sufficiency of protests were cited and reviewed by Montgomery, Presiding Judge.

Again, in Lichtenstein v. United States (1 Ct. Cust. Appls., 79; T. D. 31105), the question of the sufficiency of protest was before this court and by the same judge it was said for the court that it was not essential that the importer in the protest should "hit the bird in the eye," but that he should state his claim with sufficient clearness and certainty to acquaint the collector with the general ground of his complaint.

The principle of these decisions has never been departed from, so far as we are aware, by the court. See Bliven v. United States (1 Ct.

Cust. Appls., 205; T. D. 31239); Oelrichs *v.* United States (3 Ct. Cust. Appls., 232; T. D. 32541).

Tested by the above rule we think the protest was sufficient and should be sustained.

It is against the assessment made upon the basis of the size number in the gray. It calls attention to the fact that the silk is colored and dutiable at 70 cents per pound and 15 one-hundredths of 1 cent per number per pound under paragraph 397. The said number 250 was erroneously selected as representing the yarn, but the selection of number 250 did not lead the collector away from the proper clause of the paragraph because that number is one that might come thereunder, while by selecting the ad valorem rate of 70 cents per pound and the specific rate of fifteen one-hundredths of 1 cent per number per pound, both of which are claimed in the protest, the collector's attention is directed explicitly to the proper clause of the paragraph, because it is the only one therein which provides for such ad valorem and specific rates. If no size number had been mentioned it could not be urged that the collector was thereby misled, and we do not think the fact that an erroneous one was claimed has that effect. The protest as a whole shows that the importers had the correct provision of law in mind when it was filed, and by it the collector's attention was thereto directed.

It is not like the case of Bowling Green Storage Co. *v.* United States (3 Ct. Cust. Appls., 309; T. D. 32588), much relied upon by the Government, where the importer by his explicit protest claim under one provision of paragraph 717 was held to have excluded a claim under another provision thereof, because, as was held in that case, he had limited himself to a part of the paragraph which was inapplicable.

The importers here have sustained their claim that the yarns were dutiable according to their size number in a dyed condition, and the protest is sufficient to entitle them to reliquidation accordingly.

What we have said relates principally to the appeal in protest 518802. It is the only protest embodied in the record and the one to which the argument for the Government is in the main directed. It is claimed, however, that similar infirmities exist in each of the nine other protests involved in this case. We so assume, and so far as similar objections are made thereto think they should be likewise disposed of.

In addition, however, it is pointed out in the Government's brief that in respect to two of these other protests, one refers to paragraph 299 and the other to paragraph 399, instead of to paragraph 397, and it is urged that this inaccurate reference warrants the holding that such protests are insufficient. Paragraph 299 relates to vinegars and paragraph 399 to velvets, chenilles, pile fabrics, etc.

It is obvious that the collector could not have been misled by the reference to these paragraphs. A consideration thereof for an in-

stant would have suggested to him their inapplicability, while, on the other hand, by the protest claim that the merchandise was spun silk and by the reference to the duty rates provided therefor only in paragraph 397 the collector's attention was directed to the proper part of that paragraph. This showed that such paragraph only and not the ones referred to by said erroneous numbers was really the one invoked. Shaw v. United States (122 Fed., 443).

It should also be noted that in each instance the size number selected in a protest, although erroneous, is not greater than 205 wherever the true number was found not to exceed it, and is more than 205 in all cases where it was so found.

The judgment of the Board of General Appraisers sustaining the protests so far as they were sustained thereby is *affirmed.*