## MALHAME & CO. *v.* UNITED STATES (No. 1815).[1]

1. PLEADING—PROTEST, SUFFICIENCY OF—ALTERNATIVE CLAIMS.

   That alternative claims may be made in a protest is well settled.

2. PLEADING—PROTEST, SUFFICIENCY OF.

   A protest declaring that merchandise is dutiable at the appropriate rate and under the appropriate paragraph according to the component material of chief value, without setting forth any applicable paragraph or rate or what is claimed to be the component material of chief value, is bad.

3. PLEADING—PROTEST, SUFFICIENCY OF—PARAGRAPH N OF SECTION 3, TARIFF ACT OF 1913.

   Four different kinds of merchandise were separately invoiced, imported, entered, and liquidated, each on a date different from any other. All of it was assessed at the same rate under the same paragraph. The protest did not state what the collector's classification was, simply describing it as "your decision assessing duty at 60 per cent under paragraph 356." It described the merchandise vaguely as rosaries, medals, crosses, chains, *and similar merchandise covered by entries below named.*" (Italics ours.) It claimed alternatively at a great number of different rates under a great number of different paragraphs, without any statement as to what classifications were claimed at the different rates under the different paragraphs other than "that said merchandise is properly dutiable at the rate applicable to the component material of chief value, *or otherwise*" (italics ours), with no statement as to what the component material of chief value was. Such a protest only serves to render obscure, rather than to clarify the issue, and is quite the opposite of the requirement of paragraph N of section 3, tariff act of 1913, that the protest shall set forth "distinctly and specifically" the reasons for objecting.

### United States Court of Customs Appeals, March 20, 1918.

APPEAL from Board of United States General Appraisers, Abstract 40617.

[Affirmed.]

*Sharretts, Coe & Hillis (Edward P. Sharretts* of counsel) for appellants.

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel), for the United States.

[Oral argument Oct. 17, 1917, by Mr. Edward P. Sharretts and Mr. Doherty.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise the classification of which is in controversy here is represented by four exhibits, produced, identified, and declared to be representative of the importations by one of the importing company testifying in its behalf.

Exhibit 1 consists of three articles called religious medals. They are used exclusively for devotional purposes and the component material of chief value thereof is silver.

Exhibit 2 is a solid link silver chain in long lengths, invoiced as 200 meters. Importers use it exclusively in manufacturing rosaries or chain parts of rosaries and the same witness said he did not know whether it was or was not in use by others in making jewelry.

Exhibits 3 and 4 are rosaries used exclusively for devotional purposes. Exhibit 3, quoting the same witness's language, is "com-

posed of aluminum beads, French white metal, heart and cross, made of chain and wire." The chain of the rosaries is silver-plated metal, and silver-plated metal is the component material of chief value.

Exhibit 4 is composed of an iron chain, wooden beads, metal medals, and, at the end, a metal cross. The metal parts of this rosary are not plated and such metal is the component material of chief value.

The merchandise represented by each exhibit was separately invoiced, imported, entered, and liquidated, each on a date different from any other.

The foregoing facts are in substance as shown by evidence introduced on behalf of the importers and not disputed by the Government. The material and undisputed part of the testimony of the only witness introduced on behalf of the United States was to the effect that Exhibit 2 was a cable chain valued at over 30 cents per yard and was the same as or like that commonly used in the manufacture of different forms of jewelry.

There is no question of commercial designation in the case.

At the hearing before the board the Government seasonably moved to dismiss the protest for multifariousness. A majority thereof, one member dissenting, without making any finding upon the merits of the case, held that the protest did not comply with the provisions of paragraph N of section 3 of the tariff act of 1913, providing that if an importer is dissatisfied with a collector's decision, he shall "file a protest or protests in writing with the collector, setting forth therein distinctly and specifically, and in respect to each entry or payment, the reasons for his objections thereto."

The merchandise was all assessed under paragraph 356 of the tariff act of 1913 at 60 per cent ad valorem, apparently upon the theory that the medals and rosaries were classifiable as articles designed to be worn on apparel or carried on or about or attached to the person, and that the silver chains were cable chains eo nomine provided for therein.

In his report answering the protest the appraiser stated in substance that Exhibits 3 and 4 under the authority of T. D. 36456 would now be returned for duty at 50 and 20 per cent ad valorem, respectively, under paragraph 167 of the tariff act. The collector in transmitting the protests to the board stated in substance that in view of the appraiser's said report, the protest appeared to be partly valid and that his office stood ready to reliquidate the entry accordingly if authorized by the board.

The only question raised by this appeal and argued by counsel for both sides is as to the sufficiency of the protest, although the importers' counsel urge that if the decision of the board be overruled, this court should either remand the case to the board with directions

to pass on the issues presented or that we here render judgment for the classification of the merchandise according to its component material of chief value, claiming that the evidence justifies that all the exhibits should be classified under paragraph 167, the first three at 50 per cent ad valorem and the fourth at 20 per cent. He also claims that Exhibit 3 may in the alternative be classified at 50 per cent ad valorem under paragraph 333, providing for classification of merchandise composed wholly or in chief value of beads of certain named materials.

. There is no proof that the beads are the component material of chief value.

The protest was as follows:

NEW YORK, *August 25, 1916.*

COLLECTOR OF CUSTOMS:

SIR: Protest is hereby made against your decision assessing duty at 60 per cent under paragraph 356 on rosaries, medals, crosses, chains, and similar merchandise covered by entries below named. The reasons for objection, under the tariff act of October 3, 1913, are "that said merchandise is properly dutiable at the rate applicable to the component material of chief value, or otherwise, at 20 per cent under paragraph 167, or at 15 per cent under paragraph 176, or at 20 per cent under paragraph 357, or at 10 per cent under paragraph 367, or at 10 per cent or 15 per cent or 20 per cent under paragraph 368, or at 25 per cent or 35 per cent under paragraph 369, or at 20 per cent under paragraph 81, or at 25 per cent under paragraph 81, or at 30 per cent under paragraph 95, or at 30 per cent under paragraph 360, or at 45 per cent under paragraph 98 or 84, or at 35 per cent or 40 per cent under paragraph 79, or at 50 per cent under paragraph 80, or at 50 per cent under paragraph 167, or at 55 per cent under paragraph 80, or at 15 per cent under paragraph 114, or at 50 per cent under paragraph 333, or at 50 per cent under paragraph 356.

If said merchandise is not dutiable directly under any of the paragraphs or sections above mentioned, then it is dutiable thereunder by assimilation or material of chief value under and by reason of the provisions of paragraph 386, or if not dutiable as above, then at 10 or 15 per cent ad valorem under paragraph 385.

This is followed by a list showing entry numbers, dates of entry, liquidation, etc.

The gist of the importers' contention is that the protest presents but one issue, namely, whether the merchandise is dutiable as assessed or according to the component materials of chief value and that the importers have the right to make alternative claims as to such component materials in the manner set forth in the protest.

The importers in this connection rely much upon the case of United States *v.* Malhami & Co. (7 Ct. Cust. Appls., 175; T. D. 36493). It is argued that in that case the protest was almost identical with the one now under consideration. We have not attempted to verify the statement because, as we then understood and now understand, no question as to the sufficiency of that protest was made before the Board of General Appraisers, but was raised in oral argument in this court by the Government. The opinion in that case disposes of that contention in the following language:

In the absence of more specific information concerning the different materials of which the articles in question are composed we can not say that the importers' claims in that behalf are multifarious.

What might have been concluded if the question of insufficiency of protest had been seasonably raised before the board, and there had been a definite showing as to the component material, we do not know. At any rate, we do not consider that case at all determinative of the issue here.

That alternative claims may be made in a protest is well settled. Lichtenstein *v.* United States (1 Ct. Cust. Appls., 79; T. D. 31105), Koechl *v.* United States (91 Fed., 110).

A protest declaring that merchandise is dutiable at the appropriate rate and under the appropriate paragraph according to the component material of chief value, without setting forth any applicable paragraph or rate or what is claimed to be the component material of chief value, is bad. Rosenberg *v.* United States (146 Fed., 84); G. A. 5537 (T. D. 24907); G. A. 5951 (T. D. 26098).

A protest must be so distinct and specific as, when fairly construed, to show that the objection taken at the trial was at the time in the mind of the importer, and that it was sufficient to notify the collector of its true nature and character, to the end that he might ascertain the precise facts and have an opportunity to correct the mistake and cure the defect if it was one which could be obviated. Davies *v.* Arthur (96 U. S., 148); United States *v.* Salambier (170 U. S., 621); Bliven *v.* United States (1 Ct. Cust. Appls., 205; T. D. 31239); Oelrichs & Co. *v.* United States (3 Ct. Cust. Appls., 232; T. D. 32541); United States *v.* Stirn (5 Ct. Cust. Appls., 140; T. D. 34191); and many other cases unnecessary to cite.

It is true, as claimed by the importers, and citations to that effect are not necessary, that the protest can not be amended, from which it follows that a reasonable latitude must be allowed in formulating a protest containing alternative claims.

We think the true doctrine is well expressed in the case of Lichtenstein *v.* United States, supra, that while the importer is not required to make his objection with technical precision, yet "it is essential that he state his claim with such reasonable clearness and certainty as to acquaint the collector with the real ground of his complaint."

Indeed, the Lichtenstein case, as we regard it, is practically decisive against the importers of the issue at bar. There, as here, the protest was in blanket form. There, as here, a large number of paragraphs and many specific rates were claimed in the alternative and some of the alternatively claimed paragraphs related to component materials of chief value. In such instances, the protest generally stated what was claimed to be the component material of chief value, either as manufactures or otherwise, an element lacking in the protest here.

There, too, the protest, after naming certain merchandise the classification of which was protested, made equal objection as to "other substances covered by the entries below named," while the protest here is of like import in that it refers to "similar merchandise covered by the entries below named," and here, as there, other merchandise was in some instances covered by the entries "below named." It is also true, and it was so in the Lichtenstein case, that among the paragraphs cited in the protest those applicable are included.

Referring to the protest in that case it was said for the court, by Montgomery, Presiding Judge, that—

Sections of the statute in no way affecting the importation in question were enumerated, and the burden was imposed upon the collector of picking out in each case which of the goods enumerated in the protest were actually contained in the importation. But more than this, as the protest contained a large number of claims that were pertinent only to some other classes of goods, involving some other importation, it imposed the burden upon the collector of going through the entire claim in the list to ascertain what was in the mind of the protestant in filing his protest, and by a process of exclusion of undertaking to ascertain the real claim put forth. This is far from being specific. * * * This protest is misleading rather than informing. This obscurity results from a pernicious method of attempting to throw upon the collector and the courts the burden which properly rests upon the protestant of fairly apprising the collector and the court of *real* claims as distinguished from possible claims, which might be appropriately made with reference to goods not involved in the importation in question.

And we think that language fairly applicable to the protests here.

There is another view of this protest which makes even more strongly against the importers. It will be noted that therein, after claiming the merchandise to be dutiable according to the component materials of chief value, the protest contains the words, "or otherwise." Just what force is to be given to the quoted expression the importers' counsel does not undertake to state. Grammatically it seems to indicate that the merchandise was claimed to be dutiable either as to component materials of chief value or under the other provisions, generally eo nomine, of each and all the various paragraphs thereinafter mentioned. If it be given this interpretation, the Government claims and the importers do not deny, that the total number of different classifications made by the claims in the protest would be more than 143. Such a diversity of claims, in view of what the merchandise in fact is, only serves to render obscure, rather than to clarify the issue and makes the entire protest quite the opposite of what the statute contemplates.

The judgment of the Board of General Appraisers is *affirmed*.

MONTGOMERY, Presiding Judge, concurs in the result; DE VRIES, Judge, dissents.