UNITED STATES *v.* WILLENBORG & CO. (No. 1901).[1]

PLEADING—PROTEST—MULTIFARIOUSNESS.

A protest may make alternative claims; and one which makes a large number of such claims as to three kinds of wares, each of the paragraphs claimed under bearing some relation to the merchandise and the protest being sufficiently explicit to direct the attention of the collector to what claims were made, is not subject to motion to dismiss for multifariousness.

[1] T. D. 38013 (36 Treas. Dec., 405).

United States Court of Customs Appeals, April 22, 1919.

APPEAL from Board of United States General Appraisers, Abstract 41754.
[Affirmed.]
*Bert Hanson,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.
*Sharretts, Coe & Hillis* for appellees.

[Oral argument Apr. 8, 1919, by Mr. Hanson and Mr. Sharretts.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Metal-thread goods, classified by the collector as laces, and gimps of silk and cotton, and garnitures and gimps of cotton or silk appliquéd with beads, classified by the collector as dress trimmings, were assessed for duty at 60 per cent ad valorem under that part of paragraph 358 of the tariff act of 1913 which reads as follows:

358. *Laces* * * * of whatever yarns, threads, or filaments composed; * * * ornaments, * * * *trimmings* not specially provided for, * * * all of the foregoing of whatever yarns, threads, or filaments composed, 60 per centum ad valorem.

The importers protested, first, that the metal-thread goods assessed at 60 per cent were properly dutiable at 40 per cent under paragraph 150, or at 25 per cent under paragraph 262, or at 30 per cent under paragraph 266, or at 30 per cent under paragraph 254, or at 30 per cent under paragraph 256, or at 30 per cent under paragraph 258, or at 25 per cent under paragraph 263, or at 45 per cent under paragraph 316, or at 50 per cent under paragraph 317, or at 45 per cent under paragraph 318, or at 50 per cent under paragraph 333, or at 35 per cent under paragraph 284, or at 40 per cent under paragraph 280, or at 30 per cent or at 40 per cent under paragraph 278.

Second, that the beaded articles assessed at 60 per cent were properly dutiable at 35 per cent or 50 per cent under paragraph 333 or at 45 per cent ad valorem under paragraph 316 or 318; if not, at 20 per cent or at 50 per cent under paragraph 167 or at 30 per cent or 40 per cent under paragraph 278; if not, at 25 per cent under paragraph 262 or at 25 per cent or 40 per cent ad valorem under paragraph 150, or at 15 per cent under paragraph 151 or paragraph 114, or at 30 per cent ad valorem under paragraph 266, or at 30 per cent under paragraph 256 or 258, or under the provisions of paragraph 252.

Third, that the goods were dutiable either at 10 per cent or 15 per cent ad valorem as nonenumerated manufactured or unmanufactured articles under paragraph 385 or by similitude under the various paragraphs claimed, by virtue of paragraph 386.

·On the hearing before the board the Government moved to dismiss the protests on the ground that they were multifarious and did not distinctly and specifically set forth the importers' objections to the rulings of the collector. The Board of General Appraisers ·denied the motion and sustained the protests. The Government appealed, and in support of its appeal argues, first, that the motion ·to dismiss the protests for insufficiency should have been granted; ·second, that the protests being insufficient, the decision of the Board of General Appraisers should be reversed. We do not think that the protests are open to the objections made by the appellant.

The protests are directed to two kinds of merchandise, viz, metal-thread goods, which were classified by the collector as laces, and beaded articles, which were classified as trimmings. The paragraphs of the tariff act claimed to be applicable to the beaded articles and the paragraphs claimed to be applicable to the metal-thread goods are separately stated, and the collector was left in no doubt as to the provisions upon which the importers relied as to each class of merchandise. In other words, while many alternative claims were made as to both kinds of goods, the collector was not embarrassed by a blanket protest covering different kinds of merchandise and presenting a multitude of claims the pertinency of which to some of the goods or all of them or none of them could be determined only after time-consuming investigations and probably a reexamination of every article involved.

Possibly, some of the paragraphs specified in the protests are more remotely related to the goods than others; nevertheless, it can not be safely said that they have no relation whatever to the merchandise or that the merchandise could not be classified under any one of them if the others were out of the way.

Upon the importer rests the duty of showing not only that the collector is wrong, but that he, the importer, is right, and that he made the right claim in his protest. At the same time, he may not be fully informed as to all of the materials of which his merchandise is made up, or, if aware of its composition, he may not be certain of the component of chief value, and consequently he is not in a position to pick out of the tariff act a single paragraph and safely depend upon his selection as correct. Because of the difficulty of selecting the right paragraph and because more often than otherwise the right paragraph can only be determined after a judicial inquiry, the courts have permitted the making of alternative claims, coupled with the limitation that the claim must have some relation to the goods and be sufficiently specific to inform the collector of the nature of the claim and the goods affected by it. Koechl *v.* United States (91 Fed., 110); Lichtenstein *v.* United States (1 Ct. Cust Appls., 79; T. D.

31105); Malhame & Co. v. United States (8 Ct. Cust. Appls., 324; T. D. 37597).

In this case, as the protest named the different kinds of goods affected by it and separately specified the paragraphs applicable to each kind, it can hardly be contended that the attention of the collector was not directed to the goods which were the subject of protest as well as to the claims made by the importers as to each of the three kinds of wares which were the subject of protest.

The protests under consideration are therefore not open to the criticism made by this court of the protest under review in the case of Malhame & Co. v. United States, supra.

The decision of the Board of General Appraisers is *affirmed*.