UNITED STATES v. KOSCHERAK BROS. (No. 1914).[1]

PLEADING—PROTEST—MULTIFARIOUSNESS.

A protest which makes a large number of alternative claims as to several different classes of merchandise, each of the paragraphs claimed under bearing some relation to the merchandise and the protest being sufficiently explicit to direct the attention of the collector to what claims were made is not subject to motion to dismiss for multifariousness.—United States v. Willenborg Co. (9 Ct. Cust. Appls., 187; T. D. 39013), decided concurrently herewith, followed.

United States Court of Customs Appeals, April 22, 1919.

APPEAL from Board of United States General Appraisers, Abstract 42061.

[Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, of counsel), for the United States.

*Sharretts, Coe & Hillis* for appellees.

[Oral argument Apr. 8, 1919, by Mr. Hanson ana Mr. Sharretts.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Natural plants, artificially colored and ornamental in character, were classified by the collector of customs as artificial and ornamental fruits, grains, leaves, flowers, and stems and assessed for duty at 60 per cent ad valorem under paragraph 347 of the tariff act of 1913. Fringes composed in chief value of beads, not embroidered or appliquéd, were classified by the collector as articles composed wholly or in chief value of beads and assessed for duty at 50 per cent ad valorem under paragraph 333 of said act. Paragraphs 347 and 333 read as follows:

347. * * * Artificial or ornamental fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for in this section, 60 per centum ad valorem.

---

[1] T. D. 38014 (36 Treas. Dec., 428).

333. Beads, * * * other articles not embroidered nor appliquéd and not spe-- cially provided for in this section, composed wholly or in chief value of beads * * *, 50 per centum ad valorem. .

The importers protested, first, that the merchandise assessed at 60 per cent on entry No. 2921 was properly dutiable at 25 per cent ad valorem under paragraph 368, or at 25 per cent under paragraph 369, or at 15 per cent under paragraph 368, or at 10 per cent under paragraph 372, or at 45 per cent under paragraph 318, or at 25 per cent under paragraph 332, or at 35 per cent under paragraph 324, or at 20 per cent under paragraph 167, or at 35 per cent under paragraph 342, or at 25 per cent under paragraph 210, or at 30 per cent under paragraph 266.

Second, that the merchandise assessed at 50 per cent on entry No. 2921 was properly dutiable at 35 per cent under paragraph 333, or at 45 per cent under paragraph 316 or 318; if not, at 20 per cent under paragraph 167; if not, at 25 per cent under paragraph 262, or at 30 per cent or 40 per cent under paragraph 278, or at 25 per cent or 40 per cent ad valorem under paragraph 150, or at 15 per cent under paragraph 151 or paragraph 114, or at 30 per cent under paragraph 266 or paragraph 95, or at 30 per cent under paragraph 256 or 258, or under the provisions of paragraph 252, or at 30 per cent under paragraph 114, or at 45 per cent under paragraph 84, or at 15 per cent under paragraph 176, or at 25 per cent under paragraph 368 or 369.

Third, that the merchandise assessed at 45 per cent on entry No. 269349 was properly dutiable at 30 per cent under paragraph 95, or at 40 per cent under paragraph 79, or at 35 per cent under paragraph 79, or at 35 per cent under paragraph 342, or at 20 per cent under paragraph 167, or at 15 per cent under paragraph 176, or at 30 per cent under paragraph 83, or at 30 per cent under paragraph 96, or at 25 per cent under paragraph 92.

Fourth, if any of said merchandise covered by said entries is not dutiable as claimed above, the importers then claim said merchandise to be dutiable at 10 per cent or 15 per cent under paragraph 385. The above claims severally and collectively are alternately made under the paragraphs or sections referred to, both directly and by similitude, as provided in paragraph 386.

At the hearing before the board the Government moved to dismiss the protests on the ground that 11 different claims were made as to the goods assessed at 60 per cent; 21 different claims as to the goods assessed at 50 per cent; and 9 different claims as to the goods assessed at 45 per cent.

The motion to dismiss was denied by the board and the Government appealed. The protests identify each class of goods by its entry number and by the rate of duty assessed upon it by the collector, and separately states the several paragraphs which it is

claimed in the alternative are applicable to each kind of merchandise.

On the authority of United States *v.* C. Willenborg & Co. (9 Ct. Cust. Appls., 187; T. D. 38013), this day decided, we hold that the protest here involved was sufficient and that the decision of the Board of General Appraisers should be *affirmed.*