(C. D. 164)

ARTHUR H. THOMAS CO. *v.* UNITED STATES

United States Customs Court, First Division

(Date May 23, 1939)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Samuel D. Spector,* special attorney), for the defendant.

Before McCLELLAND, SULLIVAN, and BROWN, Judges; BROWN, J., concurring

SULLIVAN, Judge: The plaintiff corporation in these three protests expresses dissatisfaction with the action of the collector at the port of Philadelphia in assessing duty under the Tariff Act of 1930 at "85% on so-called cover glasses or slides, glass for optical instruments or equipment, *etc.*" (Italics ours). The words in quotation are identical in each protest. There are several claims for lower rates of duty.

Paragraph 218 (a) covers—

Biological, chemical, metallurgical, pharmaceutical, and surgical articles and utensils of all kinds, including all scientific articles, and utensils, * * * wholly or in chief value of glass.

Plaintiff has moved to amend each protest by "adding after the word 'etc.' the words 'including watch glasses'."

To this motion the defendant has objected contending "that the term 'including watch glasses' is a new notice of protest *covering* another article not mentioned in the original protest"; that "in reality it is filing a new protest, and sixty days having elapsed after liquidation, said protest would be untimely."

Plaintiff argues in its brief as follows:

Since a number of different kinds of glass, including cover glasses, slides, watch glasses, circles, etc., were imported under entries specified in the protests, which were assessed with duty at 85% under Paragraph 218 (a) of the Tariff Act of 1930 we respectfully submit that the protests, as originally filed, covered so-called "watch glasses" which were assessed at this rate under the same paragraph.

\* \* \* \* \* \* \*

The use of the words "*et cetera*" makes these protests cover the several kinds of glass assessed at 85% under Paragraph 218 (a), thereby including, among other glass articles assessed at 85%, the watch glass in question. *Bing & Co.'s Successors* v. *United States*, 3 Ct. Cust. Appls. 211, T. D. 32532.

By amending the protests with the words "including watch glasses," the Plaintiff has merely pointed out the specific articles in controversy to which "*et cetera*" was to apply.

No new articles are brought into the protest by such amendments. Therefore, the motions are proper and should be granted.

*United States* v. *Macksoud Importing Co.*, 25 C. C. P. A. (Customs) 44, T. D. 49041.

On the invoices we find many items described as "watch glasses" assessed at 85 per centum ad valorem under paragraph 218 (a).

In its brief the defendant reiterates its objection made orally in open court that the words "including watch glasses," if added to the protests by amendment, would be equivalent to the incorporating of new merchandise therein "against which the statute of limitations for the time of filing a protest has run, thereby outlawing the importer." The defendant cites the *Macksoud* case, *supra*, as supporting its objection.

The addition of "etc." to the list of named items assessed at 85 per centum ad valorem, covered by the protest is equivalent to "and other merchandise"; so that the protests may be construed to relate to "cover glasses or slides, glass for optical instruments or equipment," *and other merchandise* assessed at 85 per centum ad valorem. The dictionary definition indicates that "etc." is used to indicate "others of a kind, class, or the like, to be easily inferred from those already specified." The articles "already specified" in the protests are "cover glasses or slides, glass for optical instruments or equipment." These watch glasses are of "a kind, class, or the like" with the "cover glasses or slides, glass for optical instruments or equipment" specified in the protest in that they are also composed of glass, and were also classified by the collector under the provision of paragraph 218 (a) heretofore quoted. Watch glasses are named in the entries and invoices, with the notation that they are classifiable under paragraph 218 (a) written thereon by the examiner, and we think the collector could

have inferred from the "etc." the classification under paragraph 218 (f) and the invoice descriptions and examiner's notations thereon, that it was plaintiff's intention to cover them by the term "etc."

*Bing & Co.'s Successors* v. *United States, supra,* cited by plaintiff in its brief, arose under the Tariff Act of 1909, before the enactment of any statute permitting the amendment of protests. The protest in that case related to "electroliers, vases, and articles of glass and metal, etc." The Board of General Appraisers (now this court) had held (T. D. 31520, 20 Treas. Dec. 781) that the word "etc." in the protest "has no meaning whatever in a document of this character" and "could not in a protest inform the collector to what articles, other than those enumerated, the importers intended the protest to apply." The board held that "the protests must therefore in this case be held to apply only to such articles as are electroliers and vases, or are of glass and metal." The appellate court held the protest sufficient, but affirmed the board's holding overruling the protests on other grounds. The court said (p. 212):

We must say that the protest is rather inartificially drawn and that the use of the conventional sign for *et cetera* in order to save the trouble of enumerating the merchandise which the protest was intended to cover is not wholly free from objection. Inartificial as it was, however, the protest did call the attention of the collector to the particular entry to which it was addressed and to the fact that the importers objected to the assessment of duty on electroliers, bases, articles of glass and metal, and other things at the rate of 60 per cent ad valorem under paragraphs 98 and 93 of the act. Paragraph 98 relates to articles of glass and paragraph 93 to articles of earthenware. The collector therefore knew from the face of the protest that the goods to which it was directed were of glass and of earthenware and that he had assessed them for duty at 60 per cent ad valorem. By consulting the entry named in the protest and the invoices to which it referred he could readily ascertain the articles actually involved, knowing, as he did, the nature of the merchandise and the rate of the duty to which objection was made.

In the case at bar, as in the *Bing* case, *supra,* the protests called the attention of the collector to the particular entries to which they were addressed, and to the fact that the plaintiff objected to the assessment of duty on "so-called cover glasses or slides, glass for optical instruments" *and other merchandise* assessed at 85 per centum ad valorem. By consulting the entries named in the protests and the invoices to which they referred "he could readily ascertain the articles actually involved" including those covered by the term "et cetera" which were included in his classification and assessment at 85 per centum.

In view of the above we are of opinion that the proposed amendment does not enlarge the protest by adding new merchandise thereto, but merely makes clear the word "etc." contained therein, by specifying exactly the merchandise intended to be covered by the term. While, as stated by the appellate court, the use of "etc." in these protests "in order to save the trouble of enumerating the merchandise

which the protest was intended to cover" is not to be commended, we are of opinion that new merchandise has not been added to the protests by the proposed amendment, and therefore grant plaintiff's motion to amend the protests by adding as an explanation of the word "etc." the watch glasses assessed at 85 per centum ad valorem under paragraph 218 (a) covered by the entries and invoices in question.

Under the circumstances it is unnecessary for us to comment on the *Macksoud* case,. *supra*, which merely permitted the addition of new claims to a protest "which might have been made in the original protest *as to the merchandise covered by that protest.*"

We think in the case at bar neither new merchandise nor a new cause of action was added to the protests by the proposed amendment.

The motion to amend the protests is granted.

CONCURRING OPINION

Brown, Judge: I heartily concur in the conclusion of Judge Sullivan, believing that Congress intended the right of amendment should be most liberally construed to advance the remedy as in all other courts in the land.