(C. D. 365)

New York Merchandise Co., Inc. v. United States

United States Customs Court, Second Division

(Decided July 9, 1940)

Siegel & Mandell (Joshua A. Davidson of counsel), for the plaintiff.
Webster J. Oliver, Assistant Attorney General (Richard E. FitzGibbon, special attorney), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Dallinger, Judge: These are suits against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on particular importations consisting of dishes, pencil sharpeners, antimony figures, toilet sets, paperweights, frames, desk pads, savings banks, needle threaders, and tea balls. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at the rate of 40 per centum ad valorem under paragraph 339 of said act as household utensils or hollow ware of the kind therein made dutiable at the latter rate.

In all of these cases motions to amend the protests were filed by counsel for the plaintiff and objected to by counsel for the Government on the ground that the amendments sought to extend the scope of the protests by adding thereto merchandise not originally covered

thereby. The motions were taken under advisement and both sides were granted time within which to file briefs on the question of the sufficiency of the protests, which question is now before us for decision.

Protest 818645–G, which is the initial number, is typical of the rest, and reads as follows:

NEW YORK, *Oct. 16, 1934.*

Collector of Customs.

SIR:—Protest is hereby made against your decision assessing duty at 45% under par. 397, or other rate or rates, on Metal dishes, and sim. mdse. covered by entries named below. The reasons for objections, under the Tariff Act of 1930, are that said merchandise is properly dutiable at 40% under par. 339. * * *

The proposed amendment reads as follows:

Now comes Siegel & Mandell, Attorneys for the above named and move the Court for an order directing that said protest be amended as follows: by adding after the words "and sim. mdse." the words "including pistol pencil sharpeners."

Counsel for the Government in his brief filed herein contends that because pistol pencil sharpeners are not similar to metal dishes, the inclusion of such pencil sharpeners therein would operate to extend the scope of the original protest. In support of such contention counsel cites the decisions in *United States* v. *Fred Gretsch Mfg. Co., Inc.,* 26 C. C. P. A. 267, C. A. D. 26, and in *Raybestos Manhattan, Inc.* v. *United States,* C. A. D. 109, decided March 4, 1940.

We have carefully read the cited decisions and in our opinion neither of them applies to the facts in the instant case. On the contrary, the following quotation in the latter case set forth in the brief of counsel for the Government would seem to militate against such contention:

Appellant cites the case of *Lichtenstein* v. *United States,* 1 Ct. Cust. Appls. 79, T. D. 31105, as holding that in a protest it is not essential to "hit the bird in the eye." The full statement in which this expression occurs in said case is: "It is not essential that the importer shall in the protest 'hit the bird in the eye.' But it is essential that he state his claim with such reasonable clearness and certainty as to acquaint the collector with the real ground of his complaint. * * *." We may observe also that while it is not essential that a protest "hit the bird in the eye," it is essential that the protest be at least aimed at the bird.

In the instant case it is plainly evident that the collector was acquainted with the real ground of the plaintiff's complaint. The appraiser's answer to the protest reads as follows:

The merchandise in question marked "L" consists of dishes composed wholly or in chief value of metal. It was returned for duty as manufactures of metal, not specially provided for, at 45% under par. 397, act of 1930. Following T. D. 46816 it would now be returned for duty as tableware or hollowware at 40% under par. 339, of the same act, as amended. Also the merchandise consists of pencil sharpeners, etc. composed wholly or in chief value of metal, returned for duty as manufactures of metal, not specially provided for, at 45% ad val. under par. 397, act of 1930, * * *.

On the other hand, counsel for the plaintiff in their brief filed herein contend not only that the collector was not misled by the protest in its original form, but that the words "and sim. mdse." might well be interpreted to mean merchandise of the same general class which was similarly assessed with duty at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930, since it is manifest that if the protest was filed against all merchandise assessed with duty at 45 per centum ad valorem under said paragraph 397, no question could have been raised as to the sufficiency of the protest.

We are of opinion that these cases are on all fours with the decision in *Bing & Co.'s Successors* v. *United States,* 3 Ct. Cust. Appls. 211, T. D. 32532, in which the appellate court, as far back as 1912, held that the use of the expression "etc.," which included a large number of unnamed different articles, but all assessed with duty at the rate of 60 per centum ad valorem under the provisions of paragraph 93 of the Tariff Act of 1909, was not sufficient to invalidate the protest as applying to all the articles included in the term "etc."

In the very recent case of *Arthur H. Thomas Co.* v. *United States,* 2 Cust. Ct. 401, C. D. 164, this court had before it the question whether a certain amendment to the plaintiff's protest increased its scope so as to include merchandise alleged not to have been covered by the original protest. In that case the original protest expressed dissatisfaction with the action of the collector at the port of Philadelphia in assessing duty under the act of 1930, to wit, "85% on so-called cover glasses or slides, glass for optical instruments or equipment, and so forth." The plaintiff moved to amend the protest by "adding after the word 'etc.' the words 'including watch glasses.' "

Counsel for the Government objected to the granting of the motion to amend contending that the terms "including watch glasses" was a new notice of protest covering another article not mentioned in the original protest; that in reality it was filing a new protest, and the 60 days having elapsed after liquidation the said protest would be untimely.

In overruling the objection of the Government and granting the motion to amend, and holding the protest as amended to be sufficient as a matter of law, Sullivan, Judge, speaking for the First Division of this court, after citing the case of *Bing & Co.'s Successors* v. *United States, supra,* said:

In the case at bar, as in the *Bing* case, *supra,* the protests called the attention of the collector to the particular entries to which they were addressed, and to the fact that the plaintiff objected to the assessment of duty on "so-called cover glasses or slides, glass for optical instruments" *and other merchandise* assessed at 85 per centum ad valorem. By consulting the entries named in the protests and the invoices to which they referred "he could readily ascertain the articles actually involved" including those covered by the term "et cetera" which were included in his classification and assessment at 85 per centum.

In view of the above we are of opinion that the proposed amendment does not enlarge the protest by adding new merchandise thereto, but merely makes clear the word "etc." contained therein, by specifying exactly the merchandise intended to be covered by the term. While, as stated by the appellate court, the use of "etc." in these protests "in order to save the trouble of enumerating the merchandise which the protest was intended to cover" is not to be commended, we are of opinion that new merchandise has not been added to the protests by the proposed amendment, and therefore grant plaintiff's motion to amend the protests by adding as an explanation of the word "etc." the watch glasses assessed at 85 per centum ad valorem under paragraph 218 (a) covered by the entries and invoices in question.

We are of the opinion that the last-cited decision is here controlling. We therefore grant the motions to amend herein and necessarily overrule the objection thereto interposed by counsel for the Government. Hence, we hold as a matter of law that the protests as amended do not include merchandise other than that originally covered thereby and that they are therefore sufficient.